## DALLAS BRASS & COPPER CO. v. FARIES MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. July 25, 1924.)

No. 3342.

1. Patents ⬤═══328—1,221,059, for hanger for light-reflecting bowl, held valid and infringed.

The Jones patent, No. 1,221,059, for hanger for light-reflecting bowls, *held* not invalid for double patenting, because of design patent No. 45,881, to the patentee, but valid, and also infringed.

2. Patents ⬤═══318(1) — Damages for infringement based on loss of profit.

Complainant may properly be allowed as damages the profit he would have made from sale of the infringing articles, where it is clear from the evidence that he would have made such sales, but for the infringing sales.

3. Patents ⬤═══319(1) — Deliberate infringer without equities.

A defendant, which deliberately infringed after notice and promise to desist, on assurance of protection by another, has no equity which entitles it to question narrowly the award against it.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Faries Manufacturing Company against the Dallas Brass & Copper Company, formerly A. C. Dallas & Son, Inc. Decree for complainant, and defendant appeals. Affirmed.

Dwight B. Cheever, of Chicago, Ill., for appellant.

Harry L. Dodson and Zell G. Roe, both of Chicago, Ill., for appellee.

Before ALSCHULER and PAGE, Circuit Judges, and LUSE, District Judge.

ALSCHULER, Circuit Judge. The decree found valid and infringed United States patent No. 1,221,059, to Jones for a hanger

for light-reflecting bowls, and awarded appellee amount found due upon accounting before the master.

[1] Respecting the patent the only question presented is one of double patenting through prior application for and grant of design patent No. 45,881 to Jones. The similarity in shape and design of the two is manifest, the cuts in both being evidently made from the same article; but we are of opinion that the design patent does not show a very essential feature of the article patent, viz. the points at which the article comes in contact with the outer surface of the bowl, especially the "three points" of contact referred to in the first seven of the ten claims of the latter. Our conclusion is that there was not such disclosure in the design patent as showed the useful and distinctive features of the article patent, and that there was no double patenting as contended.

[2, 3] The award on the accounting is contested because the court apparently adopted as the basis the profits which appellee would have made had it sold the infringing devices, which, it appears, appellant had purchased from another manufacturer. The evidence was undisputed that but for these sales by appellant they would have been made by appellee. Appellant offered no evidence whatever showing its actual profits, and suggested or tendered no other basis for ascertaining what the award should be. It appears, without controversy, that when it first began infringing, upon notice by appellee it agreed to refrain, but nevertheless continued to infringe, saying thereafter that it was being protected by the manufacturer who made and sold it the infringing product, and it continued its infraction until restrained by the court. In this state of facts it is not at liberty to question narrowly the award against it growing out of its unfair conduct, and we find nothing in the record which would warrant interference with the award as made.

The decree of the District Court is affirmed.