**ANCHOR STOVE & RANGE CO. v. MONT-
GOMERY WARD & CO.**

No. 7212.

Circuit Court of Appeals, Seventh Circuit.

Oct. 14, 1940.

Geo. E. Waldo, of Chicago, Ill., and Walter F. Murray, of Cincinnati, Ohio, for appellant.

John A. Barr and Fred T. Barrett, both of Chicago, Ill., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

This is a suit for unfair competition brought by the Anchor Stove & Range Company, an Indiana corporation, against Montgomery Ward & Company, an Illinois corporation. The principal question for consideration is whether either the Illinois statute of limitations or the equitable doctrine of laches constitutes a bar to plaintiff's recovery.

Plaintiff filed its complaint in the District Court on August 18, 1939, alleging among other things that it was the manufacturer of a cabinet heater of a distinctive design, had established exclusive agencies for the sale of the same in many of the larger cities throughout the United States, and had created a demand on the part of the public for its heaters; that the defendant had in the year 1928 caused a certain manufacturer in the State of Tennessee to manufacture for the use of the defendant a cabinet heater of identical design, directing the manufacturer to place the defendant's name plate thereon; that defendant illustrated this heater in its 1928-29 catalogue and caused the heaters to be placed in defendant's branch houses throughout the territory in which the plaintiff was operating and that defendant thereby came in direct competition with the agents of the plaintiff in the sale of their cabinet heater. Plaintiff alleges that purchasers of defendant's heaters became purchasers under the impression and belief that the stoves were manufactured by the plaintiff, and plaintiff's exclusive agents were likewise led to believe that the plaintiff had broken faith with them. Plaintiff asserts that such conduct on the part of defendant amounts to unfair trade practice, and is in violation of a duty owed by the defendant to the plaintiff and to the public, and prays for an accounting of profits and damages for defendant's unfair and unlawful competition, including treble damages. No injunctive relief is sought; and in view of plaintiff's assertion that the misconduct complained of was confined to the year 1928, it is assumed

that such practice did not continue after that date.

Plaintiff excuses its long delay in bringing suit against the defendant (1928 to 1939) by the assertion in its complaint that it brought a similar suit in 1930 against the Tennessee manufacturer of the stoves in question based upon the same cause of action as is here asserted. That proceeding was ultimately decided in favor of the plaintiff by the District Court, but plaintiff's recovery was limited to nominal damages; this decision was affirmed by the Circuit Court of Appeals of the Sixth Circuit, first in the case of Anchor Stove & Range Co. v. Rymer, 70 F.2d 386, and later after the accounting in 97 F.2d 689; Petition for Certiorari was denied by the United States Supreme Court on December 5, 1938, 305 U.S. 653, 59 S.Ct. 246, 83 L. Ed. 422, and on April 13, 1939, plaintiff notified the present defendant of its alleged infringement of plaintiff's rights.

To the present complaint defendant interposed a motion to dismiss, to strike certain parts of the complaint and to require plaintiff to make its complaint more specific and certain. The motion to dismiss challenged the sufficiency of the complaint as a whole. Defendant accompanied its motion to dismiss with a brief, pursuant to Rules 30a and 30b of the District Court. Under such rules plaintiff was required to file a reply brief within ten days after the filing of defendant's brief, and the rules provided that no oral argument would be heard on such motion unless directed by the court. Plaintiff failed to file a brief as required by said rules, and on November 1, 1939, the District Court allowed defendant's motion and dismissed the complaint. The court filed the following memorandum at the time of such order:

"On August 18, 1939, plaintiff filed its complaint against the defendant. On October 12, 1939, defendant filed its motion to dismiss and on October 16, 1939, acting under Rule 30A, filed its written brief in support thereof. Under that rule the reply of plaintiff was due on October 26, 1939. Plaintiff filed no brief and made no application for an extension of time.

"The Court is justified, therefore, in assuming that the motion of the defendant to dismiss the cause is confessed. However the court, from the argument submitted by defendant, is of the opinion that the complaint is without merit. The Court, therefore, is entering an order of dismissal."

It will thus be observed that the District Court did not rest its decision upon the failure of plaintiff to comply with its rules, but acted upon the complaint upon its merits, albeit without the benefit of presentation by the plaintiff. Plaintiff later filed a motion to vacate such order of dismissal, supported by affidavits seeking to excuse its failure to comply with the rules of the District Court, which motion was denied.

It is from the order of dismissal that this appeal is prosecuted. Two issues are raised:

1. The validity of Rules 30a and 30b of the District Court.

2. The sufficiency of the complaint when challenged by the Illinois statute of limitations or the equitable bar of laches. Counsel assume that both of such questions are properly before the court on the motion to dismiss.

Plaintiff contends that this proceeding is one in equity and that, therefore, the statute of limitations is not applicable, as it concededly would be in a suit at law. Defendant asserts that this proceeding is in fact a suit at law, or in all events is a suit cognizable in either law or equity; that in either event the five year Illinois statute of limitations, Ill.Rev.Stat.1939, c. 83, § 16, is a bar to recovery; that even though the court declines to recognize the Illinois statute of limitations, the plaintiff still would be barred by the equitable doctrine of laches.

■ Plaintiff seeks no injunctive relief which would ordinarily identify this as an equitable proceeding, but does, however, in seeking damages from the defendant ask for an accounting which plaintiff says brands this as a proceeding equitable in character. The case of Van Raalt v. Schneck, C.C., 159 F. 248, affirmed without opinion by this court in 170 F. 1021, was a proceeding for unfair competition, including a request for injunctive relief. Upon the denial by the court of the injunctive relief, the suit was dismissed and plaintiff relegated to his remedy at law for an accounting of the profits and damages. To the same effect is Root v. Lake Shore & M. So. Ry. Co., 105 U.S. 189, 26 L.Ed. 975. Whether the instant suit is exclusively a proceeding at law or whether it is one in which both courts of law

and equity have concurrent jurisdiction, or, indeed, whether it is a suit exclusively for equity jurisdiction need not here be decided for if it be conceded that the relief here sought invokes the equitable jurisdiction of the court, yet we believe that plaintiff has made no such showing as would entitle it to be relieved of the equitable bar of laches. Defendant's conduct of which plaintiff complains was well known to the plaintiff at the time of bringing suit against the manufacturer in Tennessee in 1930, and no conduct is asserted or claimed on the part of the defendant that in any way excuses the plaintiff's delay in bringing the present suit. The defendant was not a party to the suit in Tennessee, and so far as appears may have had no knowledge of such suit. The mere fact of plaintiff's election to proceed in the first instance against the manufacturer alone, followed by its long drawn out litigation against the manufacturer does not excuse the plaintiff from seasonably asserting any cause of action that it might have desired to assert against the present defendant. It might now become quite inequitable for the defendant to be called upon to make an accounting for many detailed transactions in the sale of heaters throughout its various branches after so many years' delay.

Plaintiff refers to the case of Russell v. Todd, 309 U.S. 280, 60 S.Ct. 527, 532, 84 L.Ed. 754, decided by the Supreme Court, February 26, 1940, in which the court declined to recognize a three year, state statute of limitations in a stockholders suit brought by creditors of a Joint Stock Land Bank slightly less than four years after the accrual of the cause of action. The court there points out the difference between the procedure for recovering assessments against shareholders of National Banks and that for enforcing the liability of the shareholders of a Federal Land Bank. In the latter case the remedy is exclusively in equity and this is the basis of the Russell v. Todd decision. Because of its inapplicability, plaintiff gains no support from this decision. Moreover, the Supreme Court in its opinion recognizes the principle of the application of state statutes of limitations in causes grounded in law or causes which may be in either law or equity, in the following language:

"Even though there is no state statute applicable to similar equitable demands, when the jurisdiction of the federal court is concurrent with that at law, or the suit is brought in aid of a legal right, equity will withhold its remedy if the legal right is barred by the local statute of limitations. * * *

"But where the equity jurisdiction is exclusive and is not exercised in aid or support of a legal right, state statutes of limitations barring actions at law are inapplicable, and in the absence of any state statute barring the equitable remedy in like cases, the federal court is remitted to and applies the doctrine of laches as controlling."

See also the earlier decisions of Wagner v. Baird, 7 How. 234, 48 U.S. 234, 248, 12 L.Ed. 681, and Godden v. Kimmell, 99 U.S. 201, 25 L.Ed. 431.

Plaintiff also contends that the statute of limitations should not apply for the reason that defendant was a trustee ex maleficio. We cannot accept this argument, for, if it be conceded that defendant was in such position, yet whether it would be entitled to invoke the bar of the statute depends on no "unyielding formula" but on the peculiar facts and circumstances of each case. Beatty v. Guggenheim, etc., Co., 225 N.Y. 380, 122 N.E. 378; Howard v. Howe, 7 Cir., 61 F.2d 577. The answer to plaintiff's position is to be found in the opinion of this court in Mattison-Greenlee Service Corp. v. Culhane, 103 F.2d 608, and cases there cited. The facts here present do not furnish a basis for denial of the application of the statute.

We are well convinced that the plaintiff's cause of action must fail for the reasons indicated; and this whether it be based on the Illinois statute of limitations or upon the equitable doctrine of laches. Believing that the decision may thus firmly rest, it is unnecessary to consider or discuss the validity of the District Court Rules in question, or the discretion of the District Judge in holding plaintiff to a strict adherence to the same.

The limitation bar affirmatively appearing from the complaint the District Court rightly dismissed the same.

Affirmed.