## OBEAR–NESTER GLASS CO. v. UNITED DRUG CO.

### No. 11604.

District Court, E. D. Missouri, E. D.

Jan. 6, 1944.

Kingsland, Rogers & Ezell, of St. Louis, Mo., for plaintiff.

Delos G. Haynes, of St. Louis, Mo., for defendant.

COLLET, District Judge.

This cause is here on re-assignment.

An accounting was taken by a Special Master pursuant to the mandate of the Court of Appeals in United Drug Co. v. Obear-Nester Glass Co., 8 Cir., 111 F.2d 997. The cause is now pending on exceptions to the Master's report and findings. The background for the order directing the accounting follows:

The United Drug Company owned the registered trade-mark "Rexall" as applied to drugs and a large variety of goods. The plaintiff Obear-Nester Glass Company owned the trade-mark "Rex" as applied to prescription bottles. See Corning Glass Co. v. Obear-Nester Glass Co., 8 Cir., 113 F.2d 956. The United Drug Company owned a number of stores which it called "Rexall" stores. In addition it issued franchises to a large number of drug stores authorizing the use of the designation "Rexall Store". To these stores alone the United Drug Company sold prescription bottles upon which was permanently placed the trade-mark "The Rexall Store". Plaintiff sued the United Drug Company for infringement of its trade-mark "Rex" as applied to prescription bottles because of the use by defendant of the mark "The Rexall Store" on prescription bottles. The trial court found the marks confusingly similar and granted the injunction upon the ground that there was manifest likelihood of confusion as a result of defendant's use of the Rexall mark on prescription bottles. It does not appear that there was proof of or a finding of actual confusion. There was a finding of bad faith on the part of defendant because of the continued use of the mark "Rexall" on prescription bottles after notice. An accounting was ordered to determine profits and damages. The

Court of Appeals affirmed. After affirmance the Master heard the evidence and made his report finding that the total sales of prescription bottles by defendant to the Rexall Stores amounted to $429,876.68 and that the cost of the bottles to defendant was $351,393.20. The difference of $78,-483.48 was not treated as profit, but from that was deducted "selling costs" of $24,-557.67, "advertising costs" of $14,350.80, "general overhead" of $22,983.95 and "warehouse costs" of $8,288.02, altogether totaling $70,180.44 and leaving $8,303.04 as net profit which the Master found had inured to defendant from the sale of prescription bottles to the Rexall Stores with the confusingly similar trade-mark "The Rexall Store" thereon. However, the Master found that these profits had not resulted from the use of the trade-mark thereon and denied plaintiff the recovery of any damages whatever. Plaintiff's objections to the Master's findings and conclusions as to profits, simply stated, are (1) that the statute, 15 U.S.C.A. § 99,[1] places the burden on defendant to prove and not on plaintiff to disprove elements of cost (including expenses) which are to be deducted from gross sales which the defendant did not sustain, (2) that there was no evidence upon which the Master could have properly found that the expenses amounting to $70,180.44 were incident to the sale of the prescription bottles rather than to defendant's other business, and (3) that the burden was not upon plaintiff to demonstrate that profits realized by defendant from the sale of prescription bottles bearing the deceptive mark were actually realized because of the use of that mark, but that it is entitled to recover all profits unless it clearly appeared that the profits did not result from the use of the mark.

The burden is upon the defendant to establish deductible items of expense or cost under the circumstances stated.

The Master accepted as proof of those costs an exhibit offered by defendant showing total costs of this nature incident to its entire business (of which the sale of pre-

[1] 15 U.S.C.A. § 99: "* * * and upon a decree being rendered in any such case for wrongful use of a trade-mark the complainant shall be entitled to recover, in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained thereby, and the court shall assess the same or cause the same to be assessed under its direction. The court shall have the same power to increase such damages, in its discretion, as is given by section 96 of this chapter for increasing damages found by verdict in actions of law; and in assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost which are claimed."

scription bottles was a very small part) and allocated such costs to the sale of prescription bottles on an arbitrary percentage basis without definite proof that the costs so allocated were actually occasioned by the sale of the additional or new "line" consisting of the prescription bottles in question. These costs were improperly deducted. Levin Bros. v. Davis Mfg. Co., 8 Cir., 72 F.2d 163(8); Aladdin Mfg. Co. v. Mantle Lamp Co., 7 Cir., 116 F.2d 708(7).

The burden was not on plaintiff to show by positive or direct proof that the profits were attributable to the condemned use of the infringing trade-mark. If there was no proof that the profits were actually the result of another factor they were improperly denied plaintiff. Mishawaka Rubber & Woolen Mfg. Co. v. S. S. Kresge Co., 316 U.S. 203, 62 S.Ct. 1022, 86 L.Ed. 1381; Hamilton-Brown Shoe Co. v. Wolf Bros. & Co., 240 U.S. 251, 36 S.Ct. 269, 60 L.Ed. 629; Wolf Bros. & Co. v. Hamilton-Brown Shoe Co., 8 Cir., 206 F. 611; Dickinson v. O. & W. Thum Co., 6 Cir., 8 F.2d 570.

■ The Master assumed that the decree of the trial court and the mandate of the Court of Appeals did not require a finding by the Master that the profits derived from the sale by defendant to its related Rexall Stores resulted from the use of the infringing mark, but left the determination of that question to the Master under applicable rules of law and hence he was free to exercise his independent judgment and conclude that such sales were the result of close business relationship and not in whole or in part the result of the use of the infringing mark. In that assumption the Master was correct as the Court of Appeals in directing the accounting was not pre-judging the result thereof. The question therefore resolves itself into a determination of whether the Master's conclusion of fact that the profits were the result of the relationship of the defendant to its customers (who were under contract to buy its goods) rather than to the use of an imitation of plaintiff's trade-mark is clearly erroneous. In view of the considerations stated in the Master's report it cannot be said that his conclusion is entirely unjustified or clearly erroneous. Under such circumstances his finding is binding on the Court.

■ The Master found there was no evidence of actual damages and awarded nominal damages of one cent. The record does not warrant the conclusion that the Master's finding was clearly erroneous in this particular.

■ But the accounting was justified. Defendant had been found to be guilty of a wilful infringement involving bad faith on its part. Plaintiff was entitled to the full measure of such profits as defendant had realized by reason of its illegal acts and such damages as plaintiff might be able to show it had suffered. Plaintiff's misfortune in being unable to show with definiteness any damages or to uncover any profits defendant had enjoyed by reason of its transgression, aided though plaintiff was with the inference that profits from known sales were the result of the established infringement, should not be multiplied by being required to pay the cost of the inquiry. Under the peculiar circumstances of this case the award of nominal damages should carry with it the recovery by plaintiff of its costs and the taxation of all costs against the defendant.

The Master's findings and conclusions with the modifications noted above are approved and adopted and plaintiff's exceptions thereto are overruled. A formal decree will be entered. Exceptions are allowed plaintiff hereto.