## OBEAR–NESTER GLASS CO. v. UNITED DRUG CO.

### No. 12920.

Circuit Court of Appeals, Eighth Circuit.
June 11, 1945.

672

Edmund C. Rogers and Lawrence C. Kingsland, both of St. Louis, Mo. (Kingsland, Rogers & Ezell, of St. Louis, Mo., on the brief), for appellant.

Delos G. Haynes, of St. Louis, Mo. (Benjamin H. Dorman, of Boston, Mass., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

In an action brought in the District Court under 15 U.S.C.A. § 81 et seq., the appellant, Obear-Nester Glass Company, obtained a decree enjoining the appellee, United Drug Company, from infringing the appellant's trademark "Rex" by the use of appellee's "The Rexall Store" mark upon glassware, and particularly upon bottles designed for the use of druggists in filling prescriptions. The decree of the District Court also ordered an accounting of the profits realized by appellee and the damages sustained by appellant as the result of the infringement of appellant's trademark. On appeal to this court the decree of the District Court was affirmed. United Drug Co. v. Obear-Nester Glass Co., 8 Cir., 111 F.2d 997. This appeal is from the decree of the District Court in the accounting proceedings, denying the appellant the recovery of profits realized by appellee and holding appellant entitled to recover only nominal damages.

The decree from which this appeal comes was entered upon the report of a master to whom the accounting was referred, the District Court adopting the master's findings of fact and approving his conclusions of law.

The master filed a carefully considered and detailed report of the evidence heard by him. Although, to quote the master, his report "embraced findings of fact," he summarized at its conclusion those findings which he considered the more important in the case. The summary included the findings: That appellee's sales of prescription bottles bearing the infringing imprint "The Rexall Store" amounted to $429,876.-68; that the appellee realized on the sales a profit of $8,303.04; that "Prior to, during, and subsequent to the accounting period" appellant sold to Rexall drugstores prescription bottles bearing the imprint "From the Rexall Drug Store"; that the "Rex" trademark of appellant did not appear on these bottles; that the imprinted phrase "From the Rexall Drug Store" did not function as the trademark of appellant; and the following:

"7. Defendant's sales of bottles bearing the 'The Rexall Store' imprint were to 'Rexall' stores only and it has not been shown that these bottles were resold to the public as bottles or otherwise came into possession of members of the public except as containers of prescriptions or other liquids purchased at said Rexall stores.

"8. The evidence does not afford any proper basis for conclusion that any sales by defendant to Rexall stores of bottles here involved, were induced by the belief they were 'Rex' bottles of plaintiff, or that any of these bottles were subsequently sold or dealt in by any one as bottles.

"9. It has not been shown that plaintiff lost any sales as the result of erroneous assumption that defendant's bottles here involved were manufactured by plaintiff."

The master concluded as a matter of law that the appellant was not entitled to recover appellee's profit nor to recover substantial damages. He recommended that the appellant be awarded one cent as nominal damages.

In its opinion the District Court said [53 F.Supp. 744, 745]: "* * * the Master found that these profits [appellee's profits from the sale of bottles bearing the infringing imprint] had not resulted from the use of the trade-mark thereon * * *"; and "The Master found there was no evidence of actual damages * * *."

The appellant contends that the master did not make the findings of fact as stated by the District Court; that, if the findings stated by the District Court may be found in the master's report, they are clearly erroneous because (1) not supported by evidence, (2) the result of a manifestly erroneous view of the law regarding the burden of proof in accounting for profits and damages in infringement actions under the Federal statute, or (3) the result of a failure to follow the law of the case as established by the first opinion of the court on the appeal from the interlocutory decree granting the injunction and directing the accounting.

## The Law of the Case.

■ The opinion of this court on the appeal from the interlocutory decree of the District Court was, for the District Court, the law of the case. By that decision it has been finally determined that the appellant is the owner of the registered trademark "Rex" applied to prescription bottles; that the trademark has been infringed by the appellee by the sale of prescription bottles imprinted with the phrase "The Rexall Store"; that the infringement of appellant's trademark by the appellee was willful; that there is a manifest likelihood of confusion in the minds of purchasers between prescription bottles bearing the appellant's mark and similar bottles bearing the appellee's infringing mark; that the appellant was entitled to a hearing to determine the amount of profits realized by the appellee and the amount of damages sustained by the appellant, if any in either case, as the result of the enjoined infringement. The effect of that decision was not to determine, in advance of the accounting, that appellant was entitled to recover either profits or damages in substantial amount. The award of the accounting determined only that there was a fair probability, under the evidence, that the appellant would, if given the opportunity, show profits lost and damages sustained, and that it was entitled to a day in court for that purpose. Merriam Co. v. Saalfield, 6 Cir., 198 F. 369, 371, 377; Lawrence-Williams Co. v. Societe Enfants Gombault Et Cie, 6 Cir., 52 F.2d 774, 779.

## The Burden of Proof.

■ (a) *On Appellee's Profits.* 15 U.S.C.A. § 99, provides that, in assessing the profits to be accounted for by a defendant in a suit for infringement of a trademark registered under the Act, "the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost which are claimed." In Mishawaka Rubber & Woolen Mfg. Co. v. S. S. Kresge Co., 316 U.S. 203, 62 S.Ct. 1022, 1024, 86 L.Ed. 1381, it is held that in actions under the statute the burden is upon the infringer to prove deductions from his sales of the infringing articles; and that, in the absence of proof to the contrary, the presumption prevails that profits of the infringer, if any, were the result of his infringement of the owner's mark. However, as appears from the opinion in the Mishawaka case, the presumption mentioned is rebuttable. The infringer may show that "the infringement had no relation to profits." The Court said:

"If it can be shown that the infringement had no relation to profits made by the defendant, that some purchasers bought goods bearing the infringing mark because of the

defendant's recommendation or his reputation or for any reason other than a response to the diffused appeal of the plaintiff's symbol, the burden of showing this is upon the poacher. The plaintiff of course is not entitled to profits demonstrably not attributable to the unlawful use of his mark. * * * The burden is the infringer's to prove that his infringement had no cash value in sales made by him. If he does not do so, the profits made on sales of goods bearing the infringing mark properly belong to the owner of the mark. * * * In the absence of his proving the contrary, it promotes honesty and comports with experience to assume that the wrongdoer who makes profits from the sales of goods bearing a mark belonging to another was enabled to do so because he was drawing upon the good will generated by that mark."

█ (b) *On Damages.* The appellant's action for damages sounds in tort. It is entitled to recover only such damages as naturally and proximately result from the infringement of its mark. Aladdin Mfg. Co. v. Mantle Lamp Co. of America, 7 Cir., 116 F.2d 708, 716. Damages recoverable may include all elements of injury to the business of the trademark owner proximately resulting from the infringer's wrongful acts, such as profits on lost sales, loss from reduction in the price of goods due to the infringing competition, damage to the reputation of the trademark owner's goods or business, and expenses incurred in preventing purchasers from being deceived by the infringer's wrongful conduct. Aladdin Mfg. Co. v. Mantle Lamp Co. of America, supra; 3 Restatement of the Law of Torts, § 746. In the present case appellant seeks to measure its damage by the profit which it would have made on the sales made by the appellee.[1] "When the plaintiff [in an accounting proceeding] seeks to recover damages for lost sales, he has the burden of establishing both that he lost sales and that the defendant's conduct caused the loss." 3 Restatement of the Law of Torts, § 746c. "There is no presumption of law or of fact that a plaintiff would have made the sales that the defendant made." Dickinson v. O. & W. Thum Co., 6 Cir., 8 F.2d 570, 575; Anchor Stove & Range Co. v. Rymer, 6 Cir., 97 F.2d 689, 691; Oil Well Improvements Co. v. Acme Foundry & Machinery Co., 8 Cir., 31 F.2d 898, 901; Wawak & Co. v. Kaiser, 7 Cir., 129 F.2d 66, 69. "A showing merely of a decrease in plaintiff's total sales does not establish a causal connection between the decrease and defendant's conduct." 3 Restatement of the Law of Torts, supra. The cases relied on by appellant as holding the contrary of the rule just stated are distinguishable on the facts. The following are typical of the cases cited. In Dallas Brass & Copper Co. v. Faries Mfg. Co., 7 Cir., 1 F.2d 930, 931, the court said: "The evidence was undisputed that but for these sales by appellant they would have been made by appellee." In American Telephone & Telegraph Co. v. Radio Audion Co. et al., D.C., 5 F.2d 535, it is said that the finding of infringement in a patent case is a finding that the person whose patent right has been infringed has suffered damages, and that with respect to damages the question on an accounting is solely one of amount; but the court continued to say that the question of the amount of damages involved the question of whether damages were substantial or nominal. In Lawrence-Williams Co. v. Societe Enfants Gombault Et Cie, supra, the court thought it proper to indulge the inference, which it admitted to be more or less arbitrary, that the trademark owner lost the sales which the infringer made. But it is clear from the opinion that the inference was drawn because of the peculiar facts in the case. Where under the evidence the inference arises, it may be rebutted by evidence of greater probative force. Dickinson v. O. & W. Thum Co., supra; 3 Restatement of the Law of Torts, supra.

### The Findings of Fact.

█ We think the master did not ignore the law of the case, established by the opinion of this court on the appeal from the interlocutory decree, in finding that appellee realized no profits and that appellant sustained no substantial damage as the result of appellee's infringement of appellant's mark. This court's approval of the District Court's finding in the interlocutory decree that appellee's infringement of appellant's trademark was willful did not de-

---

[1] Compare 3 Restatement of the Law of Torts, § 747b, where it is said that plaintiff may not recover both the profit which the defendant made on the infringing sales and, as damages, the profit which the plaintiff would have made on the same sales.

termine that appellant was entitled to recover profits when appellee made none as the result of the infringement, or entitled to recover substantial damages when appellant sustained none. The injunction which we approved was granted on the probability, not on the fact, of confusion among purchasers.

The master and the District Court correctly stated and applied the rule as to the burden of proof on the question of the recovery of profits and on the question of the recovery of damages. The master's summarized findings 7, 8, and 9, quoted above, must be read in connection with his whole report. When this is done, it is clear, as the District Court stated in its opinion, that the master found that no profits were received by appellee from the use of the appellant's trademark and that appellant sustained no substantial damage as a result of appellee's wrongful conduct.

■ The findings below are conclusive on this court unless clearly erroneous. Rule 52 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. When, as here, the questioned findings of fact have the concurring approval of the master and the District Court, we may not overturn them in the absence of a very clear showing of error. Goodyear Tire & Rubber Co., Inc., et al. v. Ray-O-Vac Company, 321 U.S. 275, 64 S.Ct. 593, 88 L.Ed. 721; Williams Mfg. Co. v. United Shoe Machinery Corp., 316 U.S. 364, 367, 62 S.Ct. 1179, 86 L.Ed. 1537. This is not such a case.

■ On the question of profits we think it sufficient to say, without attempting a detailed statement of the testimony, that the presumption in favor of the appellant's case was overcome by evidence of greater probative force. Certainly the master's finding on this feature of the case can not be said to be clearly erroneous. The appellee had registered its trademarks "Rex", "Rexall", and "The Rexall Store" for a wide variety of articles sold by it to Rexall druggists. Its sales were made to approximately 8,000 drugstores, of which more than 500 were wholly owned by it, and the others were under contract by which they were granted the exclusive agency for the sale of appellee's merchandise in their respective localities and by which they were obligated to carry appellee's merchandise in stock. The appellant does not complain of appellee's admitted use of the notation "The Rexall Store" on bottle caps, prescription labels attached to bottles, wrapping paper, and various other articles which appellee's wholly owned and associated drugstores, known as the Rexall stores, were accustomed to buy from appellee, and, indeed, were under contract to buy from it in sufficient quantities to meet local demand. The prescription bottles bearing the infringing mark "The Rexall Store" were sold only to these Rexall drugstores and at a price lower than the appellant's jobbers were willing or able to meet on sales of appellant's "From the Rexall Drug Store" bottles. The fact which distinguishes this case from those relied upon by appellant is that the Rexall drugstores were the ultimate consumers of the Rexall prescription bottles, just as they were the ultimate consumers of prescription labels and wrapping paper bearing the Rexall mark. The bottles purchased from the appellee by its owned and affiliated stores were never resold as prescription bottles. It seems wholly improbable that the Rexall stores bought prescription bottles from the appellee under the mistaken belief that they were buying appellant's "Rex" bottles. Wolf Bros. & Co. v. Hamilton-Brown Shoe Company, 8 Cir., 206 F. 611, 617. The imprint "From the Rexall Drug Store" on appellant's bottles did not function as appellant's trademark "Rex," nor did that trademark appear on bottles sold by appellant to jobbers and offered by the jobbers to Rexall stores. Appellant's "From the Rexall Drug Store" bottles were never offered for sale in more than 18 States, whereas appellee's bottles were sold to Rexall stores throughout the United States. Appellant's sales of these bottles constituted a very small proportion of its total bottle business, and, while there was a decrease in the sale of appellant's "From the Rexall Drug Store" bottles after appellee began the sale of its infringing bottles, the increase in appellant's sales after appellee withdrew from the market in obedience to the injunction was insignificant as compared to appellee's volume of sales.

On the question of damages due to lost sales, appellant was aided by no presumption that it lost the sales which appellee made. On this question the evidence, as stated above, clearly supports the master's finding that such sales of appellant's "From the Rexall Drug Store" bottles as may have been lost in competition with appellee's bottles were lost because of the close

contractual relations between the appellee and the Rexall stores and because of price considerations. That but for the infringement appellee would have purchased bottles from appellant seems unlikely in view of the undisputed evidence that it refused such purchases because of the price demanded.

The judgment of the district court is affirmed.