**Harry L. HELLERSTEIN, Plaintiff,**

v.

**James A. MATHER et al., Defendants.**

**Civ. A. No. C-4738.**

United States District Court,
D. Colorado.

July 3, 1973.

Arthur L. Fine, Brenman, Sobol & Baum, Denver, Colo., and Pomerantz, Levy, Haudek & Block, New York City, for plaintiff.

Robert H. Harry, Davis, Graham & Stubbs, Denver, Colo., for defendant, Haskins & Sells.

Sanford B. Hertz, Robert W. Hite, and Robert R. Hoadley, Jr., Denver, Colo., for defendants other than Haskins & Sells.

## MEMORANDUM OPINION AND ORDER

CHILSON, District Judge.

Plaintiff brings this action to recover damages pursuant to § 11 of the Securities Act of 1933. (15 U.S.C.A. § 77k).

The action arises out of a public offering of stock by the defendant, Mr. Steak, Inc., in April 1969. The plaintiff alleges that he and other persons who purchased Mr. Steak common stock during the period from April 22, 1969, to August 31, 1969, were damaged by a false and misleading prospectus and registration statement which was filed by defendants as a part of the offering. As a remedy, plaintiff seeks damages for himself and for the class he purports to represent.

For simplicity, all defendants other than Haskins & Sells will be referred to as "defendants." Haskins & Sells is an accounting firm that certified the finan-

cial statements of Mr. Steak, and it will be referred to as "H & S."

The defendants have filed a motion to dismiss supported by a brief to which plaintiff has filed a brief in opposition. H & S has also filed a motion to dismiss and a brief in support which plaintiff has also opposed by a brief.

Defendants' (other than Haskins & Sells) motion to dismiss asserts three grounds for dismissal.

First, the action is barred by the one and three-year statutes of limitations established by § 13 of the 1933 Act. (15 U.S.C.A. § 77m). This section provides in pertinent part as follows:

"No action shall be maintained to enforce any liability created under § 11 * * * unless brought within one year after the discovery of the untrue statement or omission, or after such discovery should have been made by the exercise of reasonable diligence * * *. In no event shall any such action be brought to enforce a liability created under § 11 * * * more than three years after the security was bona fide offered to the public * * *."

■ Contrary to defendants' contention, the pendency of the class action in Adise v. Mather, Civil Action No. C–2397 (D.Colo.1973) tolled the statute of limitations as to this plaintiff. *Adise* is a case filed in 1970 by another purchaser of Mr. Steak common stock during the same period as here which contained the same factual allegations and attempted to represent the same class. Plaintiff here was a member of the class in *Adise*. The rule of the Tenth Circuit, as to tolling statutes of limitation in class actions was first adopted in an antitrust case, Union Carbide and Carbon Corp. v. Nisley, 300 F.2d 561 (10th Cir. 1962). The rule as stated therein is:

"If * * * the unnamed plaintiffs [in a class action] are to be accorded the benefits of the judgment, it must be said that the running of the statute of limitations is tolled by the commencement of the suit. [Authority cited]. If a class action is maintain-

able as such, it is incongruous to say that the absent members who are represented by those present may not rely upon the commencement of the action by their brethren to toll the running of the statute. This would only serve to 'convert the rule into a trap' for those who have expeditiously allowed their rights to be maintained by a class action." 300 F.2d at 589.

This ruling was extended by the Tenth Circuit to the securities laws in general in Esplin v. Hirschi, 402 F.2d 94, 101 n. 14 (10th Cir. 1968), cert. denied, 394 U. S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969), and the Second Circuit has applied it specifically to actions of § 11 of the 1933 Act. Escott v. Barchris Construction Corp., 340 F.2d 731 (2nd Cir. 1965), cert. denied 382 U.S. 816, 86 S.Ct. 37, 15 L.Ed.2d 63 (1965).

The parties in their briefs have used the date of August 6, 1969, as the date when the statute of limitations began to run. It was on August 6, 1969, when a quarterly report was issued by Mr. Steak, Inc., which revealed the alleged deficiencies of the prospectus.

The *Adise* action was commenced on February 7, 1970, and the plaintif's motion for a class action therein was denied on September 19, 1972. During this period, the statute of limitations was tolled. The statute began to run again on September 20, 1972, and continued to run until this action was filed on February 5, 1973. Arithmetical computation discloses that the statute ran for less than one year.

The defendants' contention that the action is barred by the three-year period set forth in § 13 is without merit since the running of that statute was also tolled from the time of the filing of the *Adise* case until the Court denied its maintenance as a class action.

We hold the statute of limitations was tolled as to the members of the class in *Adise* even though the class action in that case was ultimately denied. State of Utah v. American Pipe and Construction Co., 473 F.2d 580 (9th Cir. 1973).

The second ground for dismissal is laches. The defendants contend that the four-year delay between the public offering and the commencement of this suit constitutes an unconscionable delay that has prejudiced them. This also is without merit. Since plaintiff was being represented in the *Adise* case while the class action was pending and since he would have been bound by a judgment in that case had the class action been allowed, 7A Wright & Miller, Federal Practice § 1880, p. 261 (1972), plaintiff had no need to institute this action until the class motion was denied in *Adise*. Also, where the plaintiff is pursuing a purely legal remedy, as here, the equitable concept of laches does not apply. Straley v. Universal Uranium and Milling Corp., 289 F.2d 370, 373 (9th Cir. 1961).

The defendants' final ground for dismissal is that the action constitutes an abuse of process and should therefore be dismissed. The defendants charge that plaintiff's attorneys have engaged in "ambulance chasing" to find another representative of the class. Plaintiff denied this, and construing the facts in a light most favorable to him, this ground for dismissal is also inadequate. The combined motions to dismiss should therefore be denied.

Haskins & Sells asserts that the statute of limitations has run as to them, because they were never a party to the *Adise* action and consequently, no tolling of the statute occurred as to them.

As a general rule, "legal proceedings do not toll limitations as to one not a party thereto." 54 C.J.S. Limitations of Actions § 247, p. 280. Since Haskins & Sells was not a party to *Adise,* it appears that the statute of limitations has run as to it and its motion to dismiss should be granted. See Anchor Stove v. Montgomery Ward, 114 F.2d 893 (7th Cir. 1940).