Joseph A. LYKINS

v.

**ATTORNEY GENERAL OF the UNITED STATES et al.**

Civ. A. No. 79–0784–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Order March 6, 1980.

On Motion To Dismiss April 10, 1980.

Marvin D. Miller, John J. Grimaldi, II, Alexandria, Va., Thomas L. Barney, Barney & Hamner, P.C., Richmond, Va., for plaintiff.

Justin W. Williams, U. S. Atty., Robert W. Jaspen, Asst. U. S. Atty., Richmond, Va., for defendants.

### ORDER

WARRINER, District Judge.

On 13 February 1980 plaintiff filed a motion for leave to file more than thirty interrogatories with an accompanying brief. Defendants have timely filed their reply brief and the time within which plaintiff may have rebutted has expired. The Court will consider the motion on the present state of the record.

Rather than attempt to show "good cause" as required by Local Rule 11–1(A) plaintiff has simply alleged the presence of "multiple issues" and has referred to the "complex nature" of the case. If the strictures of Local Rule 11–1(A) may be avoided by such ritualistic recitations then the adoption of the Rule was a waste of time.

Plaintiff further asserts that limiting interrogatories but not limiting depositions has the effect and purpose of favoring rich persons over poor persons. Local Rule

11–1(B), which is physically located less than one-quarter of an inch from Local Rule 11–1(A), shows that the taking of depositions is, in fact, similarly limited by the Local Rules. In any event, the argument that the Judges of the Eastern District of Virginia favor the rich over the poor as evidenced by restrictions on discovery completely misses the mark. It was because the extravagant expense of discovery was pricing a lawsuit out of the reach of all but the rich that the limitation was proposed and adopted.

Finally, plaintiff argues that the Local Rule's limitations on discovery are inconsistent with Fed.R.Civ.P. 26 and are thus prohibited by Fed.R.Civ.P. 83. Any interpretation of Rule 26 which would permit free and untrammeled use of discovery, without good cause, would be a foolish interpretation of Rule 26. It is doubtful if any lawyer would seriously argue that discovery should proceed in a case without good cause therefor.

■ The limitations placed by the Local Rules upon discovery establish, within this context, a checkpoint beyond which a party may not proceed without evidencing the good cause which should be a precedent to any discovery. Thus, Local Rule 11–1(A), (B) are wholly consistent with Fed.R.Civ.P. 26 and enhance the benefits of discovery to parties litigant by focusing and re-focusing their attention upon the fact that discovery is not simply a form book, pro forma, exercise but is instead a litigating tool which should be used with discretion. It also serves the purpose of deterring the use of discovery to browbeat the impecunious litigant into settlement by the sheer time and expense of responding to discovery demands.

For the above reasons as well as for the reasons well stated in the brief filed by defendants, plaintiff's motion is DENIED and the interrogatories filed herein by plaintiff on 13 February 1980 are STRUCK.

And it is so ORDERED.

## ON MOTION TO DISMISS

On 19 March 1980 defendants filed a motion to dismiss those allegations of the complaint alleging a constitutionally impermissible failure to protect plaintiff Lykins' safety on the ground that said injury did not accrue within two years before the commencement of the action and thus is barred by the assimilated Va.Code § 8.01–243(A). In his reply brief plaintiff acknowledges that the complaint was not filed within the two-year period but alleges that the period was tolled while he sought administrative remedies under the Federal Tort Claims Act. Plaintiff cites no authority for his tolling claim and the Court knows of none.

■ A claim under the Federal Tort Claims Act is a claim against the United States pursuant to the statute. The claim asserted here is a constitutional claim against the named defendants. There is no reason in logic nor in law which would hold that one's claims against "B" are tolled while he seeks administrative remedies against "A". See Anchor Stove & Range Co. v. Montgomery Ward & Co., 114 F.2d 893 (7th Cir. 1940); Wachovia Bank & Trust v. National Student Marketing, 461 F.Supp. 999, 1012 (D.D.C.1978); Hellerstein v. Mather, 360 F.Supp. 473, 475 (D.Colo.1973).

No other relief under this claim being appropriate and it being clear on its face that the damage claim is barred by the statute of limitations, the counts alleging damages for failure to adequately protect plaintiff's safety will be DISMISSED.

Defendants further moved the Court to dismiss or, in the alternative, to grant defendants summary judgment for the claims alleging a failure to provide constitutionally adequate medical and health care. The motion was supported by an appropriate brief, exhibits, affidavits, and excerpts from depositions. Despite the Rule 56 motion, plaintiff responded by asserting that the facts shown by defendants in support of their summary judgment motion would be refuted at trial. Such a defense is insufficient as is clearly shown by Rule 56(e).

An examination of the proofs accompanying defendants' motion for summary judg-

ment shows there is no genuine issue as to any material fact. The exhibits show that there simply was no serious medical need and that if any indifference was shown to medical needs it was exhibited by plaintiff, not by defendants. Plaintiff was far more concerned about his legal needs than he was about his relatively insignificant medical needs. It is perfectly clear that plaintiff has not refuted the proofs tendered by defendants because a refutation simply cannot be made. Under such circumstances defendants are entitled to summary judgment. An appropriate order shall issue.