**SAMSON CRANE CO. v. UNION NAT. SALES, Inc., et al.**

**Civ. A. No. 8550.**

United States District Court
D. Massachusetts.

Nov. 4, 1949.

---

Slater & Goldman, Boston, Mass., John
S. Slater, Boston, Mass., Charles M. Gold-
man, Boston, Mass., for plaintiff.

220

Foley, Hoag & Eliot, Boston, Mass., Henry E. Foley, Boston, Mass., for defendant Union Nat. Sales, Inc.

Robert M. Segal, Boston, Mass., Jerome Y. Sturm, New York City, for defendants Dist. Lodge 38, International Assn. of Machinists & Paul Tobias.

FORD, District Judge.

Plaintiff in this action seeks to enjoin the continuance of certain alleged unfair trade practices of defendants, and to recover for damages allegedly caused to it by said practices. Plaintiff, the Samson Crane Company, is a Massachusetts corporation operating a number of retail clothing stores, chiefly in eastern Massachusetts. Defendant Union National Sales Incorporated is a Connecticut corporation operating a retail clothing store in Cambridge, Massachusetts. Defendant International Association of Machinists is an international labor union with headquarters in Washington, D. C., and defendant District Lodge 38, International Association of Machinists is a branch of said international union with a principal place of business in Boston, Massachusetts. Defendant Hayes is alleged to be president of the international union and defendants Kirkland and Tobias to be officers of District Lodge 38. The latter two individual defendants are alleged to be residents of Massachusetts.

Plaintiff alleges that defendant Union National Sales Incorporated operates its retail store in Cambridge under the name "I. A. M. or "I. A. M. District Lodge 38 Clothing Project" in order to represent to the public that the store is being operated by defendant unions or for their benefit; that all of the defendants have conspired to represent to the public that said store is operated by one or both of said unions; that these representations are false in that neither of said unions has any financial interest in said store or receives any financial return from its operation. It further alleges that defendant Union National Sales Incorporated has caused to be placed at the entrance of said store a person dressed as a police officer to create the impression that only persons with union cards are allowed to enter and make purchases, and that such representation is false in that non-members of unions are in fact permitted to enter and make purchases.

Defendant International Association of Machinists and individual defendants Hayes and Kirkland have appeared specially to move to dismiss the action as to them on the ground that they have not been properly served with process. In view of the action to be taken on the motions of the other defendants, these motions will be allowed.

The other defendants have moved to dismiss on the grounds that this court lacks jurisdiction and that the complaint fails to state a claim upon which relief can be granted. Jurisdiction here cannot be based on diversity of citizenship. The plaintiff is a Massachusetts corporation. The individual defendants Kirkland and Tobias are alleged in the complaint to be Massachusetts residents. They are also the only named members of defendant District Lodge 38. Steele v. Guaranty Trust Co., 2 Cir., 164 F.2d 387. Consequently, it is not necessary here to inquire whether any claim is stated for which relief could be granted under the common law or any applicable state statute, and plaintiff's case must stand or fall on the question of whether it states any cause of action under the Constitution or laws of the United States.

Plaintiff relies on two statutory provisions as giving such a cause of action: Section 5(a) of the Federal Trade Commission Act, 15 U.S.C.A. § 45(a),[1] and Sec-

1. Sec. 45. "Unfair methods of competition unlawful; prevention by Commission—Declaration of unlawfulness; power to prohibit unfair practices

"(a) Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful.

"The Commission is hereby empowered and directed to prevent persons, partnerships, or corporations, except banks, common carriers subject to the Acts to regulate commerce, air carriers and foreign air carriers subject to chapter 9 of Title 49, and persons, partnerships, or corporations subject to sections 181–

tion 43(a) of the Lanham Trade Mark Act, 15 U.S.C.A. § 1125(a).[2]

■ The Federal Trade Commission Act while declaring certain acts and practices unlawful, gives no right of action to private litigants based on such unlawful acts. The Federal Trade Commission is set up to enforce the provisions of the Act, and relief from alleged violations must be sought from the Commission in the first instance and not from the courts. Moore v. New York Cotton Exchange, 270 U.S. 593, 603, 46 S.Ct. 367, 70 L.Ed. 750, 45 A.L.R. 1370; National Fruit Product Co. v. Dwinell-Wright Co., D.C., 47 F.Supp. 499, 504. Moreover, even if such a right of action did exist, it could be based only on practices taking place "in commerce", which, as defined in the Act, means "in interstate commerce." Here there is no allegation that any of the acts of which plaintiff complains have taken place in interstate commerce. The general allegation that defendant National Union Sales Incorporated is engaged in interstate commerce is not a sufficient allegation that the subject matter of this suit involves interstate commerce. The specific allegations of the complaint deal solely with practices in the conduct of a single retail clothing store, a business essentially local in character. Brosious v. Pepsi-Cola Co., 3 Cir., 155 F.2d 99, and cases there cited. There is no allegation that such local activity has even an indirect effect on interstate commerce. Moreover, to bring such activities within the scope of the Federal Trade Commission Act, they must themselves be in commerce; it is not enough that they affect commerce. Federal Trade Commission v. Bunte Brothers, Inc., 312 U.S. 349, 355, 61 S.Ct. 580, 85 L.Ed. 881.

■ For the same reason, the plaintiff has stated no cause of action under Section 43(a) of the Lanham Trade Mark Act. There is no allegation that after the making of any misrepresentation in regard to the goods any of the defendants caused such goods to enter into commerce or transported or used them in commerce, even though an allegation of such subsequent connection of the goods with commerce is an essential element of the cause of action created by the Act. It is true that "commerce" as used in the Act is defined broadly as "all commerce which may lawfully be regulated by Congress." 15 U.S.C.A. § 1127. This definition, though broad, is not all-inclusive. Business essentially local in nature is still outside the scope of its terms in the absence of some relationship to interstate commerce sufficient to bring it within the limits of Congressional power. The complaint does not allege such a relationship nor any facts nor circumstances from which such a relationship can be inferred.

■ Moreover, the false representations of which plaintiff complains are not such as fall within the scope of Section 43(a) of the Lanham Act. It is true that the section speaks of "any false description or representation", but this must first be interpreted in the light of the succeeding phrase which explains these words as including words or symbols tending falsely to describe or represent, not any fact, but the goods or services in connection with

203, 205–228 and 229 of Title 7, except as provided in section 227 of said title, from using unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce."

2. Sec. 1125. "False designations of origin and false descriptions forbidden

"(a) Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause

such goods or services to enter into commerce, and any person who shall with knowledge of the falsity of such designation of origin or description or representation cause or procure the same to be transported or used in commerce or deliver the same to any carrier to be transported or used, shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation."

which the description or representation is used. The intent of Congress in passing the Act is set forth in the final paragraph of Section 1127.[3] Only one phrase of that paragraph fails to use the word "mark". And that phrase ("to protect persons engaged in such commerce against unfair competition") must in such a context be construed to refer not to any competitive practice which in the broad meaning of the words might be called unfair, but to that "unfair competition" which has been closely associated with the misuse of trademarks, i. e., the passing off of one's own goods as those of a competitor. It is clear, both from this statement of the intent and from a reading of the Act as a whole, that the primary purpose of the Act was to eliminate deceitful practices in interstate commerce involving the misuse of trademarks, but along with this it sought to eliminate other forms of misrepresentations which are of the same general character even though they do not involve any use of what can technically be called a trademark. The language of Section 43(a) is broad enough to include practices of this latter class. But the section should be construed to include only such false descriptions or representations as are of substantially the same economic nature as those which involve infringement or other improper use of trade-marks. It should not be interpreted so as to bring within its scope any kind of undesirable business practice which involves deception, when such practices are outside the field of the trade-mark laws, and especially when such undesirable practices are already the subject of other Congressional legislation, such as the Federal Trade Commission Act. The deceitful practices of which plaintiff here complains involve no false description or representa-

tion of the goods themselves or false designation of origin. All that is alleged is conduct by which members of the public are led to purchase clothing at a certain retail store, not because they have been deceived in any way as to the nature, quality, or origin of the goods offered for sale there, but because they have been led to a false belief that by such purchases they would be conferring a financial benefit upon a labor organization to which they were disposed to give their support. Such a practice does not fall within the scope of Section 43(a) of the Lanham Trade Mark Act.

I conclude, therefore, that the complaint fails to state any cause of action under the federal statutes upon which plaintiff bases its case. Diversity of citizenship being lacking, there is here no cause of action over which this court has jurisdiction.

Defendants' motions to dismiss are allowed.

3. Sec. 1127. "Construction and definitions; intent of chapter

    *   *   *   *   *   *   *

"The intent of this chapter is to regulate commerce within the control of Congress by making actionable the deceptive and misleading use of marks in such commerce; to protect registered marks used in such commence [commerce] from interference by State, or territorial legislation; to protect per-

sons engaged in such commerce against unfair competition; to prevent fraud and deception in such commerce by the use of reproductions, copies, counterfeits, or colorable imitations of registered marks; and to provide rights and remedies stipulated by treaties and conventions respecting trade-marks, trade names, and unfair competition entered into between the United States and foreign nations."