MATT GOLDBERG *vs.* NATHAN J. CURHAN & others.

Suffolk.   January 6, 1955. — March 1, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Equity Pleading and Practice*, Costs.

A successful plaintiff in a suit in equity was not entitled to any recovery
respecting the cost of a transcript of evidence furnished to a master
where it had been agreed that such cost was to be borne equally by the
parties and it did not appear that the plaintiff had paid more than his
half; nor was he entitled to recover the cost of a copy of the transcript
secured by him for his own use, as to which there had been no agree-
ment.   [311]

A plaintiff prevailing in a suit in equity to enjoin certain improper con-
duct of the defendant in competition with him was not entitled to
recover, in addition to damages and costs, his counsel fees incurred
in the prosecution of that suit.   [311–312]

BILL IN EQUITY, filed in the Superior Court on July 23,
1951.

The suit was heard by *Murray*, J., on a master's report.

*Simon Leventall*, for the plaintiff.

*Jacob Levy*, (*Samuel B. Mannos* with him,) for the de-
fendants.

LUMMUS, J.   The plaintiff, doing business under the name
of Commercial Investigators, on July 23, 1951, brought a
bill in equity complaining that the defendant Curhan, act-
ing in control of the defendant Beacon Investigators, Inc.,
which was in competition with the plaintiff in the business
of assisting business concerns to collect money due from de-
linquent debtors, has represented falsely to customers of the
plaintiff that the plaintiff has discontinued his business and
has been succeeded by Beacon Investigators, Inc.   A master
found that the misrepresentations complained of were made
by servants of the defendant Curhan with his knowledge and
authority.   The master's report was confirmed.   By the final
decree an injunction was granted against the defendants Cur-

han and Beacon Investigators, Inc., with damages in the amount of $142 and costs. The plaintiff only appealed on three matters, (1) whether the plaintiff is entitled to recover as damages counsel fees which were not awarded him by the final decree, (2) whether the plaintiff is entitled to recover $478.47, one half the cost of the transcript of the testimony taken before the master and furnished to him and paid for by the plaintiff, and (3) whether the plaintiff is entitled to recover $212.40 paid by the plaintiff for a copy of the transcript for his own use.

The master found that the cost of the original transcript of evidence supplied to the master should be borne equally by the parties, or $478.47 by each party, as the parties had agreed. He found that there was no agreement as to the cost of the copy which the plaintiff ordered for his own use at a cost of $212.40. He found, and the parties agreed, that if the plaintiff is entitled to recover counsel fees, $2,000 is a fair and reasonable sum.

The record does not show that the plaintiff paid any part of the cost of the original transcript of evidence supplied to the master, in excess of the half which he agreed to pay. It does not appear whether the defendants' share was paid to the stenographer. We cannot say that recovery can be had by the plaintiff for that transcript.

As to the copy of the transcript supplied to the plaintiff for his own use, the general principle is clear that "a litigant must bear his own expenses, except so far as his burden is mitigated by a statute awarding him taxable costs." *Commissioner of Insurance* v. *Massachusetts Accident Co.* 318 Mass. 238, 241.

We now consider the plaintiff's contention that the final decree ought to have awarded him counsel fees in the amount of $2,000. In suits in equity "the costs shall be wholly in the discretion of the court, but no greater amount shall be taxed therein than is allowed for similar charges in actions at law." G. L. (Ter. Ed.) c. 261, § 13. Taxable costs are deemed full compensation to the prevailing party for the expense of conducting litigation, even though in fact such

costs do not cover his legal or other expense. *Newton Rubber Works* v. *De las Casas,* 182 Mass. 436, 438. *Maguire* v. *Pan-American Amusement Co.* 205 Mass. 64, 68. *Dahlstrom Metallic Door Co.* v. *Evatt Construction Co.* 256 Mass. 404, 417. *Malloy* v. *Carroll,* 287 Mass. 376, 384, and cases cited.

Counsel fees which a plaintiff has been compelled to pay by the wrongful conduct of a defendant, but not counsel fees in the very action to redress his wrongs, have been allowed in various cases as an element of damages. *Wheeler* v. *Hanson,* 161 Mass. 370, 376. *Stiles* v. *Municipal Council of Lowell,* 233 Mass. 174, 183–184. *Sears* v. *Nahant,* 215 Mass. 234, 239. *Potter Press* v. *C. W. Potter, Inc.* 303 Mass. 485, 494. *Chase* v. *Faulkner,* 307 Mass. 404, 406. *Corey* v. *Spillane,* reported with *Spillane* v. *Corey,* 323 Mass. 673, 676. The case of *Malloy* v. *Carroll,* 287 Mass. 376, in which counsel fees in the very case were ordered paid by the defendants, is to be regarded as exceptional. Such a decree has not been entered in any of the cases in which that case has been cited. We see no reason in the present case why the general rule denying recovery of actual counsel fees, so far as not covered by taxable costs, should not be applied.

*Final decree affirmed, with costs of*
*the appeal to the defendants.*