**McDONALD'S CORPORATION,**
**Appellant,**

v.

**Richard H. MOORE et al., Appellees.**

**No. 22977.**

United States Court of Appeals
Fifth Circuit.

July 21, 1966.

Dean A. Olds, Chicago, Ill., Irwin W. Coleman, Jr., Mobile, Ala., Sam W. Pipes, Mobile, Ala., Jerome Gilson, Hume, Groen, Clement & Hume, Chicago, Ill., G. Sage Lyons, Lyons, Pipes & Cook, Mobile, Ala., of counsel, for appellant.

Joseph M. Allen, Jr., Mobile, Ala., Irvin J. Langford, Mobile, Ala, M. A. Marsal, Mobile, Ala., Howell, Johnston, Langford & Finkbohner, Mobile, Ala., Seale, Marsal, Seale & Duke, Mobile, Ala., of counsel, for appellees.

Before BROWN and COLEMAN, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM.

Appellant is a nationally known drive-in restaurant chain. Its action against appellees, a small drive-in chain, was for trademark infringement, unfair competition, and breach of contract. The District Court found and held that there had been unfair competition and breach of contract, for which damages were awarded. The appeal is here because the trial court found no trademark infringement and denied injunctive relief in that regard.

McDonald's operates some 670 drive-in hamburger stands throughout the Country. It had a registered service mark, being large yellow parabolic arches used in the design of its buildings and accompanying signs. McDonald's charged defendants with infringement of this mark. As stated, the District Court found to the contrary. We affirm.

In trademark infringement cases the plaintiff must prove only that there is a "likelihood of confusion", American Foods, Inc. et al. v. Golden Flake, Inc., 5 Cir., 1963, 312 F.2d 619. As to such likelihood here, plaintiff relied on photographs of the signs used by the parties, plus the testimony of one of its officers. Defendant countered with testimony from the architect who designed his signs in addition to numerous persons experienced in advertising. The trial court found that defendant's sign was designed subsequent to, and to conform with, his

building design, that there were three panels in this sign as compared to plaintiff's one, that there was no geometric similarity in the two signs, and that plaintiff had failed to prove any likelihood of confusion.

■■ The decision of factual issues is for the trial court. The findings below are supported by substantial evidence which the trier of the fact had a right to accept. We must affirm.

Affirmed.