ELECTRONICS CORPORATION OF
AMERICA, Plaintiff,

v.

HONEYWELL, INC., Defendant.
Civ. A. No. 69–750–G.

United States District Court,
D. Massachusetts.
May 30, 1973.

————◆————

Daniel F. Featherston, Jr., Boston, Mass., for plaintiff.

Norman A. Hubley, Boston, Mass., for defendant.

## OPINION

GARRITY, District Judge.

Earlier in this litigation, and upon mandate of the Court of Appeals for the First Circuit, 428 F.2d 191, reversing and remanding this court's decision, 303 F.Supp. 1220, we ordered a preliminary injunction enjoining the defendant Honeywell from distributing certain advertising brochures pertaining to defendant's safety control replacement system for industrial heating units. Remaining before us for disposition are plaintiff's claims under both the Lanham Act, 15 U.S.C. § 1125(a), and the common law of unfair competition, for damages, punitive damages, attorney's fees, and its costs of litigation. The current procedural posture of the case is that plaintiff has moved for partial summary judgment on the ground that it is entitled to damages including attorney's fees, costs of litigation, and punitive damages as a matter of law; defendant has filed requests for rulings of law to the effect that damages are not recoverable by plaintiff, on the assumption that plaintiff is unable to show any lost business, either from lost sales or defendant's profits attributable to defendant's conduct.

The plaintiff, a Massachusetts corporation with its principal place of business in Massachusetts, and the defendant a Delaware corporation with its principal place of business in a state other than Massachusetts, compete in the manufacture and sale of electronic programming controls for large capacity industrial heaters and burners. Plaintiff's initial dominance in the market, coupled with the ease of installing plaintiff's replacement parts, gave the plaintiff a definite advantage over defendant in the replacement market. Early in 1969 defendant modified its replacement package to make it compatible with plaintiff's original equipment, and it then engaged in advertising through the dissemination of brochures containing the statements that gave rise to this litigation.

 In its opinion the Court of Appeals for this Circuit ruled that several of the statements in the brochures misrepresented the defendant's replacement system. The court ruled that (a) the statement that defendant's "new Programmer . . . plugs right into the old subbase" revealed that the "defendant had set out to be less than candid"; (b) the assertion that no electrician was required was misleading because installation did require specially trained burner servicemen; and (c) price comparisons made in the brochure constituted a serious misrepresentation. The court also stated, "for future purposes," that the statement that defendant's product had special features was "questionable, if not outright misrepresentation." *Id.*, 428 F.2d at 195 n. 5. Although these rulings of the Court of Appeals were of a tentative nature, they constitute the law of this case because the parties have stated that they will introduce no more evidence and there will be no trial on the merits. See Obear-Nester Glass Co. v. United Drug Co., 8 Cir., 1945, 149 F. 2d 671. Upon consideration of the prior proceedings and the memoranda of the parties on their requests for rulings on the damage claims, and after hearing, we make the following rulings on questions of damages.

### Lanham Act Claim

 The first issue is whether plaintiff has a cause of action under the Lanham Act, 15 U.S.C. § 1125(a). The Court of Appeals based its award of injunctive relief to the plaintiff solely on common law, stating that the Lanham

Act count was "possibly of questionable merit. Cf. Samson Crane Co. v. Union Nat'l Sales, Inc., D.Mass., 1949, 87 F. Supp. 218, aff'd, 1 Cir., 180 F.2d 896." Defendant here argues that the Lanham Act count is devoid of merit because it was concededly not engaged in palming off the plaintiff's goods. Defendant relies on language in the *Samson Crane* case to the effect that the Lanham Act covers "forms of misrepresentations which are of the same general character [as trademark misuse]," which it says indicates that palming off is essential to recovery under the Act. We disagree. We see no support in the rest of the *Samson Crane* opinion for giving this statement, which is ambiguous, any greater weight than the earlier statement in the opinion that the Act's "primary purpose . . . was to eliminate deceitful practices in interstate commerce involving the misuse of trademarks . . .," *id.*, a statement that supports plaintiff's view that palming off is not essential. In any event, the holding in *Samson Crane* was simply that since the plaintiff there had not alleged that interstate commerce was affected by defendant's activities and, alternatively, that because the defendant had not misrepresented goods or services, but merely an affiliation with a union, a Lanham Act count was baseless. *Id.*, 87 F.Supp. at 221. We believe that it is an open question in this circuit whether palming off is an essential element of a Lanham Act claim. In accord with the opinions of other circuit courts, we think it is not. See, e. g., Alum-a-Fold Shutter Corp. v. Folding Shutter Corp., 5 Cir., 1971, 441 F.2d 556; Federal-Mogul-Bower Bearings, Inc. v. Azoff, 6 Cir., 1963, 313 F.2d 405; L'Aiglon Apparel, Inc. v. Lana Lobell, Inc., 3 Cir., 1954, 214 F.2d 649. The clear language of the Act supports this view; it prohibits not only a "false designation of origin," 15 U.S.C. § 1125(a), which is the essence of palming off, but "any false description or representation." *Id.* The plaintiff here thus has

established grounds for relief under the Lanham Act which, together with the common law of unfair competition, support the preliminary injunction which has issued.

### Damages under the Lanham Act

■ Plaintiff having waived any attempt to show actual harm, in terms of lost sales or defendant's profits, the question at this juncture is whether plaintiff must show that it suffered some actual harm to its business in order to recover damages under § 1117. Plaintiff vigorously asserts that a federal district court has virtually unbridled discretion to award such damages as it thinks are appropriate, but in our opinion this statement is too broad. According to the damages section, the plaintiff may recover, *inter alia*, "any damage sustained," as well as defendant's profits, when appropriate, and costs of the action. Although the next to last sentence of § 1117 authorizes the court to enter judgment for such sum as the court finds is just, a precondition to application of this provision is that the court determine that an award based on lost profits is either inadequate or excessive. Plaintiff having waived a showing of actual harm, the court cannot make such a determination; the provision therefore cannot be applied here. Section 1117 states, "In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above *the amount found as actual damages*, not exceeding three times such amount." (Emphasis added.) Here again the sentence is not applicable unless the court first makes a finding of what the "actual damages" were. It is difficult to give to the term "actual damages" any other meaning than "damages in dollars and cents." Moreover, the section concludes that "Such sum [i. e., the award based on damages or based on profits] shall constitute compensation and not a penalty," thereby indicating, as we see it, that when § 1117 speaks of "damages" it

means "actual damages." Having waived any claim for actual damages, plaintiff is not entitled to the benefits of the treble damage provision of § 1117.

As for general damages, § 1117 provides detailed instructions to be followed in awarding money judgments. Although the section asserts that "The court shall assess such profits and damages or cause the same to be assessed under its direction," this sentence does not mean that the court may, without the benefit of any evidence of harm come up with a figure that it thinks just. And the following language in the section, to the effect that, with respect to profits, the plaintiff must show defendant's sales and, with respect to damages, that the court must make a finding of what the actual damages were, leaves no doubt that Congress deliberately chose to limit the discretion of federal courts in awarding money judgments in Lanham Act cases. Unless there is at least some evidence of harm arising from defendant's violation, a court may not award a money judgment based on profits or damages. Were the section to be read differently there would be a great danger that money judgments would be, in essence, punishments; but it is apparent from the section's conclusion that money judgments "shall constitute compensation and not a penalty."

This is not, of course, to say that courts may not under any circumstances consider the nature of a defendant's conduct in applying § 1117. The section states at the outset that the plaintiff shall be entitled to money judgments "subject to the principles of equity," and it would seem clear that the nature of defendant's conduct would qualify as an equitable consideration. See McDonald's Corp. v. Moore, D.Ala., 1965, 243 F. Supp. 255, aff'd, 5 Cir., 363 F.2d 435. But the general proposition that equitable considerations apply in determining the proper amount of a Lanham Act money judgment does not in our opinion

mean that they are applicable in all cases. Unless the court is able to find that actual harm occurred, the exercise of discretion—in which equitable factors would be considered—is simply not authorized. See, e. g., Gold Seal Co. v. Weeks, D.D.C., 1955, 129 F.Supp. 928, aff'd, 97 U.S.App.D.C. 282, 230 F.2d 832, cert. denied, 1956, 352 U.S. 829, 77 S.Ct. 41, 1 L.Ed.2d 50. The case on which plaintiff relies, H. A. Friend & Co. v. Friend & Co., C.D.Cal., 1967, 276 F.Supp. 707, aff'd, 9 Cir., 1969, 416 F.2d 526, does not support the plaintiff's position here; before the court in the *Friend* case exercised its discretion in awarding damages, it first found that many of the plaintiff's customers had been deceived by the defendant's conduct into transferring their business to the defendant. Plaintiff having waived any attempt to show actual damages in dollars and cents, it is not entitled to compensation under the Lanham Act for what the court thinks its damages might have been.

In ruling that a Lanham Act plaintiff must show actual business harm as a predicate to a money recovery, we do not mean to suggest that damages are automatically awarded whenever actual harm is proved. Case law is clear that where damage is slight and the defendant's conduct is not flagrant, an injunction satisfies the equities of the case, and damages are inappropriate. Champion Spark Plug Co. v. Sanders, 1947, 331 U.S. 125, 131–132, 67 S.Ct. 1136, 91 L.Ed. 1386; Phoenix Mfg. Co. v. Plymouth Mfg. Co., D.Mass., 1968, 286 F.Supp. 324, 329–332. Here the defendant did not set out to steal business by confusing the public; nor did he engage in otherwise flagrant behavior. Thus, even if plaintiff were able to show slight harm, the court would still not be inclined to award a money recovery.

Nor is the plaintiff entitled to punitive damages under the Lanham Act. In its only pronouncement on 15 U.S.C. § 1117, the Supreme Court held

that attorney's fees are not recoverable under the Act. Fleischmann Distilling Corp. v. Maier Brewing Co., 1967, 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475. Although the Court relied principally on the fact that the traditional American rule has been that attorney's fees are not recoverable, the Court also noted that Congress, in enacting § 1117, "meticulously detailed the remedies" available in trademark cases. Continuing, the Court stated, "When a cause of action has been created by a statute which expressly provides the remedies for vindication of the cause, other remedies should not readily be implied." 386 U.S. at 720, 87 S.Ct. at 1408. In light of the strong analogous precedent in the *Fleischmann* case, this court's construction of § 1117 *supra,* and the telling fact that apparently no court has awarded punitive damages as such in a Lanham Act case, plaintiff's claim for punitive damages must also fall.

### Costs of Litigation

■ As with the recovery of damages in Lanham Act cases, plaintiff's right to recover costs of the action is also "subject to the principles of equity," 15 U.S. C. § 1117. In the court's view, equitable considerations in this case work against the plaintiff. First, there has never been any showing of bad faith by the defendant, which has fully complied with the court's injunction. Second, plaintiff has merely thrown itself upon the discretion of the court in its prayer for damages and has offered no evidence on which the court could legitimately exercise its discretion in awarding damages. Section 1117 places upon plaintiff the slight burden of showing some actual harm. Plaintiff has not done this. Under these circumstances, the court concludes that the equities weigh in favor of defendant as to the damage portion of this litigation, and plaintiff's claim for costs as to that portion is consequently denied.

■ Plaintiff also presses a claim for an award of its costs of obtaining injunctive relief—including loss of management and employee time—in addition to taxable costs allowed as a matter of course under Fed.R.Civ.P. 54(d). In this regard, the court thinks it significant that the defendant has prevailed on the question of whether it should be permitted to sell its replacement control package at all. As the Court of Appeals pointed out, there has been no deceit as to the origin of the defendant's product. 428 F.2d at 193. Notwithstanding the misrepresentations, defendant's conduct has not been of an aggravated nature. Under these circumstances, the court concludes that an award of costs not covered by Rule 54(d) is not justified.

### Unfair Competition Claim

As stated earlier, the Court of Appeals ruled in its decision in this case that defendant was liable for unfair competition at common law because several of its statements in the brochures advertising defendant's system were false or misleading. With this background of rulings operating as the law of this case, and keeping in mind plaintiff's wavier of showing actual damages, the court now turns to the damage claims under the common law of unfair competition.

■ In another case this court has ruled that state law applies to a pendent unfair competition claim like that before us. Phoenix Mfg. Co. v. Plymouth Mfg. Co., D.Mass., 1968, 286 F. Supp. 324. We adhere to that view. Under the law of Massachusetts, as under the Lanham Act, a plaintiff is not entitled to a money judgment in an unfair competition case absent a showing of actual harm. See Regis v. H. A. Jaynes & Co., 1906, 191 Mass. 245, 77 N.E. 774; *Phoenix, supra.* The equities of this case have been satisfied by this

court's entry of, and the defendant's compliance with, the preliminary injunction. Cf. *Champion Spark Plug, supra,* 331 U.S. at 131–132, 67 S.Ct. 1136.

 In holding that attorney's fees are not recoverable in Lanham Act cases, *Fleischmann, supra,* the Supreme Court was not simply interpreting the Lanham Act; it was following the traditional American rule, as distinguished from the English rule, with respect to attorney's fees. Analogizing to the *Fleischmann* case, defendant here says that plaintiff may not recover attorney's fees on the common law count. The court is persuaded of the soundness of the analogy; even if it were not, however, plaintiff could not recover, for it is clear that Massachusetts follows the traditional American rule. See Goldberg v. Curham, 1955, 332 Mass. 310, 124 N.E. 2d 926, where the court criticized the earlier case of Malloy v. Carroll, 1934, 287 Mass. 376, 191 N.E. 661, and stated that the general rule in Massachusetts was to deny counsel fees so far as not covered by taxable costs. As for plaintiff's claim for costs of litigation, Massachusetts law is clear that "a litigant must bear his own expenses, except so far as his burden is mitigated by a statute awarding him taxable costs." Commissioner of Insurance v. Massachusetts Accident Co., 1945, 318 Mass. 238, 61 N.E.2d 137.

Summarizing, plaintiff's claims for damages, punitive damages, attorney's fees, and costs are denied with respect to both the Lanham Act and common law unfair competition claims; and with respect to such claims judgment shall be entered for the defendant. The court notes that the plaintiff has not pressed its claim for a permanent injunction in connection with its requests for rulings on its damage claims. If the plaintiff thinks a permanent injunction necessary, it should file with the court within 15 days a form of permanent injunction on which the parties are in agreement.