**ELECTRONICS CORPORATION OF
AMERICA,** Plaintiff, Appellant,

v.

**HONEYWELL, INC.,** Defendant,
Appellee.

No. 73-1260.

United States Court of Appeals,
First Circuit.

Argued Nov. 6, 1973.

Decided Dec. 3, 1973.

Certiorari Denied March 4, 1974.
See 94 S.Ct. 1491.

Daniel F. Featherston, Jr., Boston,
Mass., with whom Featherston, Homans,
Klubock & Griffin, Boston, Mass., was
on brief, for plaintiff, appellant.

James W. Noonan, Boston, Mass., with
whom Herrick, Smith, Donald, Farley &
Ketchum, Boston, Mass., was on brief,
for defendant, appellee.

Before COFFIN, Chief Judge, Mc-
ENTEE and CAMPBELL, Circuit
Judges.

PER CURIAM.

After argument and studying the
briefs, we have come to the conclusion
that we cannot improve on the thought-
ful opinion of the district court, 358 F.
Supp. 1230 (D.Mass.1973). We there-
fore affirm on the basis of that opinion.
We add only two comments. The first
is that appellant makes the pillar of its
claim for punitive damages, fees, and
costs, despite absence of any proof of ac-
tual damages, our statements in the
prior case, Electronics Corporation of
America v. Honeywell, Inc., 428 F.2d
191, 194 (1st Cir. 1970), that material
misrepresentations "will damage" and
that in a two-firm market "harm is suf-
ficiently apparent" when such misrepre-
sentations are made. While we cannot
fault appellant for seizing on this lan-
guage, we do not recant. When we
spoke of the inevitability of harm we
were not addressing the availability of
damages but of relief. Because appel-

lee's harmful conduct was discontinued and no actual damage was shown no further relief is indicated. Our second comment is that in relying on the district court opinion, we do not indicate necessary agreement with its conclusion that palming off is not an essential element of a Lanham Act claim. We say this only because such a stance is not necessary for the decision of this appeal.

Affirmed.