CAESARS WORLD, INC. and Desert Palace, Inc., Appellants in No. 74–1725,

v.

VENUS LOUNGE, INC., d/b/a Caesar's Palace, Appellant in No. 74–1724.

Nos. 74–1724, 74–1725.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 2, 1975.

Decided July 28, 1975.

Archer, Greiner & Read, Haddonfield, N. J., Charles W. Heuisler, Haddonfield, N. J., of counsel, Dressler, Goldsmith, Clement & Gordon, Chicago, Ill., Charles W. Ryan, Chicago, Ill., of counsel, for Caesars World, Inc.

Sal B. Daidone, Maressa, Shoemaker & Borbe, Berlin, N. J., for Venus Lounge.

Before SEITZ, Chief Judge, and ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

This case is before us on the appeal of the defendant Venus Lounge, Inc., d/b/a Caesar's Palace and the cross-appeal of the plaintiffs Caesars World, Inc. and Desert Palace, Inc. from a final judgment which awarded to plaintiffs $1,000 in damages and $1,000 as exemplary damages for infringement of a service mark registered under the Lanham Act. 15 U.S.C. § 1051 *et seq.* The infringer

asserts that there was no proof before the district court on which the award of damages could be predicated and that the award of exemplary damages for infringement of a service mark registered under the Lanham Act is impermissible. The service mark owner contends that there was proof before the district court which should have sustained the award of infringer's profits far in excess of $1,000 and that the award of exemplary damages was proper but, in light of the willful infringement, totally inadequate. We conclude that on this record no damages should have been awarded, and we reverse.

On August 7, 1972 the plaintiffs filed a single-count complaint which alleges that plaintiff Desert Palace, Inc., is the owner and operator of a nationally famous establishment in Las Vegas, Nevada, providing hotel, restaurant, entertainment and casino services in which it uses the service mark and trade style CAESARS PALACE; that plaintiff Caesars World, Inc., which owns all the capital stock of Desert Palace, Inc. owns all of the service marks, trademarks, and tradenames used by Desert Palace, Inc; that in 1971 CAESARS PALACE was registered in the United States Patent Office on the Principal Register as a service mark for hotel and restaurant services in Class 100 and for night club entertainment services featuring music, dancing and comedy, and casino services in Class 107; that the good will associated with the service mark is worth in excess of $10,000; and that the defendant Venus Lounge, Inc. doing business in Cherry Hill, New Jersey, "commenced to infringe upon plaintiffs' rights and unfairly compete with plaintiffs by adopting and using the mark and name CAESAR'S PALACE in connection with the operation of a night club or cabaret offering bar services and entertainment." The prayers for relief sought injunctive relief, and:

"B. That defendant be required to account to plaintiffs for damages suffered by Caesars World, Inc. and Desert Palace, Inc., and that such damages be trebled because of the willful nature of the infringement and unfair competition as described herein."

Jurisdiction was alleged under 28 U.S.C. § 1331 and § 1338 and also under § 1332 on the basis of diversity of citizenship. With the summons and complaint plaintiffs served two notices to take oral depositions on September 19, 1972. On September 15 a stipulation was filed extending the defendant's time to answer until October 9. On September 21 a stipulation was filed postponing the depositions which had been scheduled for September 19 until October 17. On October 16 a stipulation was filed extending the defendant's time to answer until November 9. An answer was served on that date which denied the allegations of infringement. Meanwhile, on October 17 neither counsel for defendant nor the scheduled deponents appeared for the scheduled deposition. Plaintiffs moved for the imposition of monetary sanctions, the striking of all stipulations and/or orders extending the defendant's time to answer, and the entry of a default judgment. The district court denied the motions to strike and for the entry of a default. However, it ordered counsel for the defendant to pay plaintiffs' counsel $500 within ten days and ordered that the parties previously noticed for depositions appear for the depositions. When the $500 was not paid within the specified time plaintiffs obtained an order directing defendant's counsel to show cause why they should not be held in contempt and why the order requesting sanctions should not be reopened and additional sanctions imposed. A further order was entered with respect to the $500, which was paid. The January 30, 1973 depositions were taken as scheduled. On July 24, 1973 a pretrial conference was scheduled. Defendant failed to submit a pretrial memorandum and failed to attend the conference. As a result the district court noted defendant's default and entered an ex parte judgment on August 22, 1973 enjoining it from any further use of the service mark CAESARS PALACE or the name CAESAR'S PALACE

or a number of other similar names. The order provided that the Clerk of the Court set an appropriate date for hearing on the issue of "damages, compensatory, punitive and/or exemplary." When the defendant moved to vacate the default judgment the court declined to do so presumably because counsel for defendant could not represent that here was a meritorious defense to the charge of infringement. No appeal has been taken with respect to the judgment enjoining infringement. On February 15, 1974 a hearing was held to establish the amount of damages, and as a result of that hearing the judgment appealed from was entered on May 3, 1974. The issue of infringement is established by the August 22, 1973 judgment and is not contested on appeal. Although the one-count complaint uses the term "unfair competition" as well as the term "infringement", a fair reading suggests that it charges only Lanham Act infringement. Apparently the plaintiffs and the district court so construed it, since the August, 1973 judgment merely enjoins use of the mark and orders destruction of infringing advertising materials. Thus we are dealing solely with damages available under the Lanham Act for infringement of a service mark, and not with damages which might be available under other statutes or under any more general law of unfair competition, state or federal. Plaintiffs rely solely on 15 U.S.C. § 1117.

Section 1117 is the codification of § 35 of the Lanham Act. Act of July 5, 1946, ch. 540, § 35, 60 Stat. 439–40. Although the section had counterparts in two earlier trademark laws, the Act of Feb. 20, 1905, ch. 592, §§ 16, 19, 33 Stat. 728, 729, and the Act of March 19, 1920, ch. 104, § 4, 41 Stat. 534, the 1946 Act represented a fresh start in the matter of trademark protection. As the Senate Committee Report on the Lanham Act puts it:

"The theory once prevailed that protection of trade-marks was entirely a State matter and that the right to a mark was a common-law right. This theory was the basis of previous national trade-mark statutes. Many years ago the Supreme Court held and has recently repeated that there is no Federal common law. It is obvious that the States can change the common law with respect to trade-marks and many of them have, with the possible result that there may be as many different varieties of common law as there are States. A man's rights in his trade-mark in one State may differ widely from the rights which he enjoys in another.

However, trade is no longer local, but is national. Marks used in interstate commerce are properly the subject of Federal regulation. . . ." S.Rep. No. 1333, 79th Cong., 2d Sess. (1946), reprinted in 1946 U.S.Cong. Code Cong.Service, pp. 1276–77.

Since as the Senate Report makes clear, the federal courts often looked to state law for the scope of trademark protection when interpreting previous statutes, precedents from the pre-Lanham Act period are not definitive. Thus we do not regard as controlling the holding in *Aladdin Mfg. Co. v. Mantle Lamp Co.*, 116 F.2d 708 (7th Cir. 1941) that punitive damages could be awarded under an earlier statute. Nor do we regard as controlling cases such as *MacDonald v. Winfield Corp.*, 191 F.2d 32, 38 (3d Cir. 1951) upholding the award of punitive damages under a state law of unfair competition.

Section 35 of the Lanham Act[1] permits recovery from an infringer of "(1)

---

1. "When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's

profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In as-

defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." On the issue of defendant's profits it sets forth a specific rule as to burden of proof:

"In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."

At the hearing on damages the plaintiffs offered no proof whatsoever of any damages they sustained as a result of the infringement. Plaintiffs did introduce the testimony of Daniel Ragone. That testimony established the gross receipts of the defendant for 1971, 1972 and the first eight months of 1973. Defendant, aided by the court, cross-examined Ragone as to whether or not there was any income to the defendant in the periods in question. That examination disclosed that for each period there was a net loss after depreciation despite a normal gross profit on goods sold, and that the expenses were not out of line for the type of business. Thus, the defendant carried the burden of proving deductions from gross receipts. The record establishes the absence of profits.

■ The judgment appealed from contains these recitals:

"And it further appearing that defendant has come forward with adequate evidence to establish its net loss in the operation of said business for the years 1971, 1972 and the first eight months of 1973;

And it further appearing that plaintiffs have adduced testimony showing

the possible damages to their 'good will' and in light of the protective policy of the Lanham Act;" (App. for Plaintiffs-Appellee, at 51a).

Treating these recitals as findings of fact, the first is clearly correct but the second is clearly erroneous. Rule 52(a), Fed.R.Civ.P. No evidence was offered showing any damage to the plaintiffs. The only evidence offered, aside from the accountant's testimony, was that of Michael Falcone, defendant's president, and that tended to prove willfulness of the infringement, not damages suffered by the plaintiffs'. Thus the award of $1000.00 in compensatory damages has no evidentiary support and must be set aside.

■ Section 35 also provides that "[i]n assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount." This sentence cannot be relied upon to sustain either the award of compensatory damages or the award of exemplary damages, since it assumes an evidentiary basis for the award of some actual damages. We have found none. Three times zero is zero.

Finally, § 35 provides:

"If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum

sessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty."

Section 1117 was amended by the 93rd Congress. First, the name Patent Office was

changed to Patent and Trademark Office. Pub.L. No. 93–596, 88 Stat. 1949, codified in 15 U.S.C. § 1117. More significantly a new final sentence was added to the section—"The court in exceptional cases may award reasonable attorney fees to the prevailing party." Pub.L. No. 93–600, § 3, 88 Stat. 1955, codified in 15 U.S.C. § 1117. These changes, of course have no bearing on the issue *sub judice*. Moreover, even if an award of attorney fees was involved in this case, the latter amendment would not apply since an express exclusion was included as to suits pending or on appeal as of the date of its enactment—January 2, 1975. Pub.L. No. 93–600, § 4, 88 Stat. 1955.

in either of the above circumstances shall constitute compensation and not a penalty."

The treble damage provision referred to above has been in the trademark law since 1905. The two sentences just quoted were added by the Lanham Act. Oddly enough § 35 has only been before the Supreme Court once since 1946. In *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967) the Court held that the section did not authorize the award of attorney fees.[2]

The best treatment of the issue *sub judice* we have found is Judge Garrity's opinion in *Electronics Corp. of America v. Honeywell, Inc.*, 358 F.Supp. 1230, 1233 (D.Mass), *aff'd per curiam on opinion of the district court*, 487 F.2d 513 (1st Cir. 1973), *cert. denied*, 415 U.S. 960, 94 S.Ct. 1491, 39 L.Ed.2d 575 (1974). He concludes that throughout the section "damages" means an award based on either actual damages to the plaintiff or actual profits of the infringer, measurable in dollars and cents.

"Unless there is at least some evidence of harm arising from defendant's violation, a court may not award a money judgment based on profits or damages. Were the section to be read differently there would be a great danger that money judgments would be, in essence, punishments; but it is apparent from the section's conclusion that money judgments 'shall constitute compensation and not a penalty.'

. . . Plaintiff having waived any attempt to show actual damages in dollars and cents, it is not entitled to compensation under the Lanham Act for what the court thinks its damages might have been.

.     .     .     .     .

Nor is the plaintiff entitled to punitive damages under the Lanham Act. In its only pronouncement on 15 U.S.C. § 1117, the Supreme Court held that attorney's fees are not recoverable under the Act. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 1967, 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475. Although the Court relied principally on the fact that the traditional American rule has been that attorney's fees are not recoverable, the Court also noted that Congress, in enacting § 1117, 'meticulously detailed the remedies' available in trademark cases. Continuing, the Court stated, 'When a cause of action has been created by a statute which expressly provides the remedies for vindication of the cause, other remedies should not readily be implied.' 386 U.S. at 720, 87 S.Ct. at 1408. In light of the strong analogous precedent in the *Fleischmann* case, this court's construction of § 1117, *supra*, and the telling fact that apparently no court has awarded punitive damages as such in a Lanham Act case, plaintiff's claim for punitive damages must also fall." 358 F.Supp. at 1234–35.

Since Judge Garrity wrote that no court has awarded punitive damages in a Lanham Act case at least one court has suggested that such an award is proper. *Caesars World, Inc. v. Caesar's Palace, Inc.*, 179 U.S.P.Q. 14 (D.Neb.1973). The reasoning of that opinion, in which one of the present plaintiffs prevailed, is not compelling. While the statute is hardly a model of clarity, we conclude that Judge Garrity, and the First Circuit which endorsed his opinion, properly discerned its meaning. *See* 2 J. McCarthy, Trademarks and Unfair Competition § 30:29 (Supp.1974); *Id.* § 30:29, at 364 (1973). If the record in the district court contains no evidence of actual damage or actual profit in dollars and cents no monetary award may be made under § 35 of the Lanham Act and the trademark owner must be content with injunctive relief. This seems to us the

---

**2.** The *Fleischmann* holding as to attorney fees has been overruled by subsequent congressional action. *See* note 2 *supra*. The parties do not urge, nor do we believe, that the amendment suggests anything with respect to the

disposition of this appeal. *See Champion Spark Plug Co. v. Sanders*, 331 U.S. 125, 67 S.Ct. 1136, 91 L.Ed. 1386 (1947) which construes narrowly the accounting for profits section of a predecessor statute.

intended meaning of what is now the next to last sentence of that section:

"Such sum in either of the above circumstances shall constitute compensation and not a penalty."

■ The plaintiffs also urge that by virtue of the entry of the default judgment the fact of damage to them has been conclusively established. There are two obstacles to this argument. First, the default judgment expressly reserved the damage issue for proof. Second, the complaint alleges that the value of the mark exceeds $10,000, and that continued infringement will erode that value, but does not allege that actual damage has occurred.

■ Finally, the plaintiffs seek the imposition of attorney fees, damages and double costs pursuant to Rule 38, Fed.R. App.P. on the ground that the appellant's appeal is frivolous. Since the appellant is the prevailing party we reject this claim.

The judgment appealed from will be reversed.