ST. CHARLES MANUFACTURING CO.,
et al., Plaintiffs-Appellants,

v.

Leonard MERCER, General Partner, et
al., Defendants-Appellees.

No. 82–5662.

United States Court of Appeals,
Eleventh Circuit.

Nov. 7, 1983.

Robert E. Wagner, Wallenstein, Wagner, Hattis, Strampel & Aubel, Alan L. Barry, Robert E. Browne, Chicago, Ill., for plaintiffs-appellants.

Edward F. O'Connor, O'Connor, Baylor, Callas & Elliott, Palm Beach Gardens, Fla., for defendants-appellees.

Before GODBOLD, Chief Judge, ANDERSON, Circuit Judge, and GOLDBERG *, Senior Circuit Judge.

GODBOLD, Chief Judge:

## I. The facts

Plaintiff St. Charles Manufacturing Co. has two validly registered federal trademarks for "St. Charles" in connection with kitchen cabinets and related goods. Plaintiff St. Charles of Palm Beach is an authorized exclusive dealer of St. Charles products. Defendants are developers of a townhome community in Palm Beach.

To advertise their development, defendants had printed a brochure that represented that the homes would contain St. Charles kitchens. Upon learning of this, St. Charles of Palm Beach contacted the defendants in an effort to negotiate an agreement to provide the cabinets. No contract was ever reached, and the defendants used a significantly less expensive brand of cabinets in their development.

All 19 homes had down payments placed on them before the substitution of cabinets. The defendants notified all purchasers of the change, and none rescinded the agreements, although after closing on two of the units the developer received complaints about the quality of the cabinets. After they definitely decided not to use St. Charles, the defendants amended their brochure by adding the words "or equal" next to the description of the cabinets. By this time, the majority of brochures (approximately 3000) had been distributed. Conse-

quently, defendants made the corrections primarily on xeroxed copies. Many of the brochures were picked up by realtors, who might use them in making resales of homes.

Plaintiffs brought this action alleging trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. Sec. 1051 et seq., (the Act), common law unfair competition, and dilution of trademark and service mark under Florida law. They sought a preliminary injunction, a permanent injunction, an accounting for defendants' profits, actual damages sustained, and costs and attorney's fees. The district court bifurcated the trial into a liability stage and a damages stage. The court granted a preliminary injunction after the liability stage, finding a trademark infringement under the Act. After a damages hearing eight months later, the court declined to award defendants' profits, monetary damages, or attorney's fees, although it granted costs and made the injunction permanent. Plaintiffs appealed, questioning the denial of profits, damages, and attorneys fees. We affirm.

## II. Denial of profits and damages

■ With respect to denial of profits and damages, the Act admonishes that "[s]uch sum in either of the above circumstances [defendant's profits or plaintiff's actual damages] shall constitute compensation and not a penalty", 15 U.S.C. Sec. 1117. The Supreme Court has held that "Congress intended Sec. 35 [Sec. 1117 of the U.S.Code, Title 28] of the Lanham Act to mark the boundaries of the power to award relief in cases arising under the Act." *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 721, 87 S.Ct. 1404, 1409, 18 L.Ed.2d 475 (1967) (reversing a grant of attorneys fees under a prior version of the Act that did not provide for such fees). Furthermore, "plaintiff must demonstrate the basis for his recovery with specificity, thereby showing that injury or profitable infringement actually occurred." *Vuitton Et Fils,*

* Honorable Irving L. Goldberg, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

*S.A. v. Crown Handbags,* 492 F.Supp. 1071, 1077 (S.D.N.Y.1979), *aff'd,* 622 F.2d 577 (2d Cir.1980). *See also Caesars World, Inc. v. Venus Lounge, Inc.,* 520 F.2d 269 (3d Cir. 1975) (court cannot grant monetary relief unless there is evidence of actual damage or actual profits in dollars and cents); *Electronics Corp. of America v. Honeywell Corp.,* 358 F.Supp. 1230 (D.Mass.), *aff'd per curiam adopting district court opinion,* 487 F.2d 513 (1st Cir.1973), *cert. denied,* 415 U.S. 960, 94 S.Ct. 1491, 39 L.Ed.2d 575 (1974) (court cannot grant damages when plaintiff waived any attempt to show actual harm but nevertheless sought damages under the Act). The district court's findings of no profits and no damages are questions of fact and therefore subject to the clearly erroneous standard of review. *See Boston Professional Hockey Association, Inc. v. Dallas Cap & Emblem Manufacturing, Inc.,* 597 F.2d 71, 76 (5th Cir.1979).

■ Section 1117 of the Act authorizes an accounting for defendant's profits.[1] Although plaintiffs originally sought an accounting, they later eschewed this right.[2] Furthermore, the fact that the defendants saved money on the cabinets does not mean that they realized a profit on them. We therefore hold that the district court properly refused to award plaintiffs lost profits.

Plaintiffs also sought to recover the profit they would have made on the sales to defendants. Again, this is an inappropriate measure of damages under the Act. Plaintiffs are seeking a contract recovery when in fact they had no contract. While plaintiffs in Lanham Act cases often receive profits from lost sales, these sales are sales made by defendants to purchasers who sought to buy plaintiffs' products and instead received defendants'. *See Boston Professional Hockey Association, Inc.,* 597 F.2d at 75. The ultimate purchasers bought new homes with kitchen cabinets in them. The defendants did not usurp any sales from the plaintiffs to these purchasers of homes. We affirm the district court's denial of this requested relief.

■ Plaintiffs also asked for money to "reverse advertise" to overcome any damage to their reputations that defendants' actions might have caused. However, the plaintiffs introduced no evidence showing any damage to their reputations. Accordingly, we affirm the district court's denial of this award.

### III. Denial of attorney's fees

■ Section 1117 also provides that the court may award attorney's fees in "exceptional cases." The legislative history indicates that a court should only award attorneys fees in cases "characterized as malicious, fraudulent, deliberate, and willful."

---

1. When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party. 15 U.S.C. Sec. 1117 (1976).

2. At oral argument before both the district court and the appellate court the plaintiffs expressed a desire to recover, at a minimum, what they termed as defendants' "unjust enrichment," referring to savings defendants allegedly effectuated from purchasing the less expensive cabinets. Plaintiffs did not seek this relief in their complaint; they sought only their actual damages and an accounting of defendants' profits. This claim for unjust enrichment is either not properly before the court, or, if arguably included within the prayer for an accounting, has been pretermitted by plaintiffs.

S.Rep. No. 93–1400, 93rd Cong., 2nd Sess., *reprinted in* 1974 U.S.Code Cong. & Ad. News 7132, 7136. The award of attorney's fees is within the discretion of the district court. *Id.* We hold that the defendants' actions were not "exceptional" within the meaning of the Act; thus there was no abuse of discretion in denying attorney's fees.

AFFIRMED.