**RAMADA INNS, INC.,**
Plaintiff-Appellee,

v.

**GADSDEN MOTEL COMPANY, a partnership; Conrad O. Moss; Thomas H. Heatherly and John T. Murray, Defendants-Appellants.**

No. 85–7774.

United States Court of Appeals,
Eleventh Circuit.

Dec. 3, 1986.

Rehearing and Rehearing En Banc Denied Jan. 27, 1987.

Roy O. McCord, McCord & McCord, Gadsden, Ala., for the Partnership.

F. Guthrie Castle, Jr., Borod & Huggins, Memphis, Tenn., for Conrad O. Moss, Individually.

Joseph Barry Jones, Bradley, Arant, Rose & White, Linda Friedman, Thad G.

Long, Birmingham, Ala., for plaintiff-appellee.

Before HILL and HATCHETT, Circuit Judges, and THOMAS *, Senior District Judge.

HATCHETT, Circuit Judge:

This appeal arises out of an action filed by Ramada Inns, Inc. (Ramada Inns) against Gadsden Motel Company (Gadsden), a partnership, and partners, Thomas H. Heatherly, John T. Murray, and Conrad O. Moss (partners) for trademark infringement and breach of contract. The district court awarded Ramada Inns substantial damages on the claims. We affirm.

**Background**

In August, 1977, the partners purchased a motel in Attalla, Alabama, and entered into a license agreement with Ramada Inns. In 1982, the motel began receiving poor ratings from Ramada Inns inspectors, and Gadsden fell behind in its monthly franchise fee payments. Despite proddings from Ramada Inns, and the initiation of a refurbishing program to upgrade facilities by Gadsden, the motel never met Ramada Inns' operational standards again. On November 17, 1983, Ramada Inns terminated the license agreement citing quality deficiencies and Gadsden's failure to pay past due license fees. Ramada Inns' termination notice directed Gadsden to remove any materials or signs identifying the motel as a Ramada Inn. Inspections on January 6, 1984, and in March, 1984, revealed that Gadsden continued using Ramada Inns' signage and graphics inside and outside the motel.

On September 24, 1984, Ramada Inns brought this action for trademark infringement under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.* (Lanham Act) and for breach of the franchise agreement. The district court, acting on a motion for partial summary judgment, found Heatherly, Murray, and Moss liable on the trademark infringement claims, awarded Ramada Inns $17,993.24 for past due license fees, and held the liquidated damages clause of the franchise agreement void as a penalty. During the trial, however, the court stated that the liquidated damages issue was open to question.

On September 30, 1985, the district court entered a $255,936.08 judgment for Ramada Inns in addition to the previous award. This judgment included $94,441.08 in liquidated damages, $20,000 in attorney's fees, and trademark infringement damages trebled from $47,165 to $141,995. On October 10, 1985, Moss filed a motion to alter or amend the judgment contending, among other things, that he was not a partner in Gadsden Motel Company when the trademark infringement occurred. His motion was denied. Heatherly, Murray, and Moss all appeal asserting errors in the district court's assessment of damages.

**Discussion**

The partners raise a host of issues on appeal, but only three merit discussion: (1) whether the trademark infringement damages were speculative; (2) whether the district court erred in awarding Ramada Inns trademark infringement damages in addition to the liquidated damages; and (3) whether Moss should have been spared trademark infringement liability because he withdrew from the partnership before the infringement took place.

A. Whether the trademark infringement damages were speculative.

The district court awarded Ramada Inns $47,165 in trademark infringement damages based on the testimony of Dr. Robert Robicheaux, then associate professor of marketing at the University of Alabama Graduate School of Business. Dr. Robicheaux arrived at his damage calculation

---

* Hon. Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

by adding the following: (1) $23,610 in lost franchise fees for the six-month "hold over" period when Gadsden Motel Company continued to use Ramada Inns' marks; (2) $3,555 interest on the lost franchise fees; (3) $5,000 needed to develop a new franchise in the area; and (4) $15,000 for advertising to restore Ramada Inns' good reputation. The partners contend that the district court should have disregarded Dr. Robicheaux's estimates because they were too speculative. Damages were too uncertain to be awarded, in their view, because Dr. Robicheaux based his estimate of the amount of the lost franchise fees on 1983, instead of 1984. The amount was also uncertain, according to the partners, because Dr. Robicheaux's estimate that it would take $5,000 to attract a new franchise was based solely on a conversation he had with a Ramada Inns official, and because Dr. Robicheaux's estimate that it would take $15,000 in order to restore Ramada Inns' image was based on figures for the entire southeastern area. In rebuttal, Ramada Inns contends that Dr. Robicheaux used 1983 figures because the computation of damages in the form of lost license fees is properly based on the revenues produced by a properly run motel, and that the partners' motel was run better in 1983 than in 1984. Ramada Inns further contends that the partners never objected to Dr. Robicheaux's reliance on his conversation with the Ramada Inns official to arrive at his conclusion that it would take $5,000 to get a new licensee in the area, and that Dr. Robicheaux used an estimate of the cost of remedial advertising based on the entire

southeast because it was the "best information available."

Under the Lanham Act, damages for trademark infringement may include (1) the defendant's profits, (2) any damages sustained by the plaintiff, and (3) the cost of the action. 15 U.S.C. § 1117.[1] The Gadsden Motel Company failed to realize a profit during the period of infringement, thus, the district court's damage award was based on damages sustained by Ramada Inns as a result of the infringement. The partners stress that a trademark infringement award must be based on proof of actual damages and that some evidence of harm arising from the violation must exist. We agree, but the essence of the question presented remains the same. We must decide whether the district court's assessment of the actual damages or harm suffered by Ramada Inns was speculative. We conclude that it was not.

In arriving at our conclusion, we are guided by well established principles, the first and foremost being that the district court's damage assessment is entitled to deference:

'Great latitude is given the trial judge in awarding damages, and his judgment will not be set aside unless the award is clearly inadequate.' *Drake v. E.I. DuPont de Nemours and Company,* 432 F.2d 276, 279 (5th Cir.1970). This is especially true of an award fashioned pursuant to the Lanham Act which expressly confers upon district judges wide discretion in determining a just amount of

1. The entire provision reads:

When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 111 and 114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the cost of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits, the plaintiff shall be required to prove defendant's sales only; defendant must prove all

elements of cost or deduction claimed. In assessing damages, the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney's fees to the prevailing party.

recovery for trademark infringement. *See* 15 U.S.C. § 1117.

*Holiday Inns, Inc. v. Alberding,* 683 F.2d 931 (5th Cir.1982). *See also Burger King v. Mason,* 710 F.2d 1480, 1495 (11th Cir. 1983) (15 U.S.C. § 1117 "vests considerable discretion in the district court.") In making a damage assessment, the district court may allow recovery for "all elements of injury to the business of the trademark owner proximately resulting from the infringer's wrongful acts." *Boston Professional Hockey v. Dallas Cap,* 597 F.2d 71 (5th Cir.1979) (quoting *Obear-Nester Glass Company v. United Drug Company,* 149 F.2d 671 (8th Cir.), *cert. denied,* 326 U.S. 761, 66 S.Ct. 141, 90 L.Ed. 458 (1945)). Moreover, Lanham Act damages may be awarded even when they are not susceptible to precise calculations:

> Where the wrong is of such a nature as to preclude exact ascertainment of the amount of damages, plaintiff may recover upon a showing of the extent of damages as a matter of just and reasonable inference, although the result may be only an approximation. *Story Parchment Company v. Paterson Parchment Paper Company,* 282 U.S. 555, 563, 51 S.Ct. 248, at 250, 75 L.Ed. 544 (1931). The wrongdoer may not complain of inexactness where his actions preclude precise computation of the extent of the injury. *Eastman Kodak Company v. Southern Photo Company,* 273 U.S. 359, 379, 47 S.Ct. 400 [405], 71 L.Ed. 684 (1927).

*Bangor Punta Operations v. Universal Marine Company,* 543 F.2d 1107, 1110–11 (5th Cir.1976); *Borg-Warner Corporation v. York-Shipley, Inc.,* 293 F.2d 88, 95 (7th Cir.1961) ("damages are not rendered uncertain because they cannot be calculated with absolute exactness. It is sufficient if a reasonable basis of computation is afforded.") Under these teachings, the district court's $47,165 damage award cannot be termed "speculative," especially considering that it was based on unrebutted expert testimony.

Moss further contends, however, that the award in this case "imposes a hypothetical franchise contract onto the facts and makes an award for breach thereof," and thus "runs afoul of the rule" established in *St. Charles Manufacturing Company v. Mercer,* 737 F.2d 891 (11th Cir.1983). In *St. Charles,* defendants, developers of a townhome community in Palm Beach, Florida, represented that their homes would contain "St. Charles kitchens" without reaching an agreement with the plaintiff, St. Charles, to do so. The plaintiff brought a trademark infringement action under the Lanham Act and sought to recover the profit they would have made on the sales to the defendants.

We found this an "inappropriate measure of damages under the Act" and affirmed the district court's denial of relief. *St. Charles* is clearly inapposite. Notwithstanding Moss's contention to the contrary, Ramada Inns did not seek to recover profits it would have received had it sold the use of its trademark to Gadsden during the infringement period. Rather, much of Ramada Inns' award represented franchise fees or "royalties" lost during the infringement period. This was entirely proper: "Royalties normally received for the use of a mark are the proper measure of damages for misuse of those marks." *Holiday Inns v. Airport Holiday Corporation,* 493 F.Supp. 1025, 1028 (N.D.Tex.1980) (citing *Boston Professional Hockey Association v. Dallas Cap Manufacturing,* 597 F.2d 71 (5th Cir.1979)).

B. Whether the district court erred in awarding Ramada Inns trademark infringement damages in addition to the liguidated damages.

■ The partners next contend that the district court erred in awarding Ramada Inns damages under both the liquidated damages clause of the franchise agreement and under the Lanham Act. The partners point out that the purpose of including the liquidated damages in the agreement was to compensate Ramada Inns for lost franchise fees and expenditures to attract a

new franchisee for a period of two years after breach of the franchise agreement. Because some of the trademark infringement award was based upon the same items considered for liquidated damages, the partners claim that Ramada Inns received a "double recovery for a single injury."

In rebuttal, Ramada Inns contends that the partners' argument is meritless because the liquidated damages and trademark infringement damages related to an "entirely separate set of wrongs." In support of this contention, Ramada Inns points out that the liquidated damages were recoverable even in the absence of trademark infringement, and upon the partners' breach of the franchise agreement, they became, like any other infringers, liable for trademark infringement damages. Ramada Inns further contends that it did not receive a double recovery for a single injury because the liquidated damages were only intended to provide compensation for two years of expenses and lost franchise fees *after* the period of infringement ended.

This issue, one of first impression in our circuit, is problematic. We begin our analysis by examining the parties' contentions. After careful review of the record, we find it indisputable that the trademark infringement damages were *calculated* in almost the same manner as the liquidated damages. The district court reversed an earlier ruling that the liquidated damages clause of the franchise agreement was void in large part because James Wellbeloved, Ramada Inns' director of franchise administration, testified that the purpose of the liquidated damages clause was to compensate Ramada Inns for lost franchise fees and expenditures to establish a new franchisee upon premature termination of a franchise agreement. Likewise, the bulk of the trademark infringement damages

were awarded based on Dr. Robicheaux's testimony that to be made whole for the infringement, Ramada Inns would need a sum to compensate for lost franchise fees and expenditures needed to attract a new franchisee.

Our determination that these two elements—loss of franchise fees and expenditures to establish a new franchisee—were both taken into account in calculating each damage award does not end the analysis. The question next faced is: whether the fact that common elements were used to calculate the two damage awards resulted in Ramada Inns' receiving an impermissible "double recovery."

First, we note that Ramada Inns' observation that damages were awarded for two "set of wrongs" is as irrefutable as the partners' contention that the damage awards included common elements. Liquidated damages were awarded because the partners breached the franchise agreement; trademark infringement damages were awarded because they held over for six months *after* the agreement was terminated. The franchise agreement stated clearly that upon termination, Ramada Inns was entitled to liquidated damages. Under the Lanham Act, Ramada Inns was entitled to damages for the partners' impermissible "holding over." After all, "holding over" is no different than unlawfully using the Ramada Inns' marks from the beginning of operations. By committing these two indiscretions, the partners became liable for two damage awards. Since damages are not always given to precise calculation, a possibility always exists that some overlap will occur when separate awards are made to compensate for separate wrongs.

Second, were we to hold that the district court erred in awarding trademark infringement damages, we would undoubtedly subvert the purpose behind the Lanham Act.[2] When a trademark infringement ac-

---

2. Title 15 U.S.C. § 1127 provides in pertinent part:

The intent of this chapter is to regulate commerce within the control of Congress by *making actionable* the deceptive and misleading use of marks in such commerce; to protect registered marks used in such commerce from interference by state, or territorial legislation; to protect persons engaged in such commerce against unfair competition; to pre-

tion is established because a franchisee "holds over" as here, and damages are based on the franchisor's losses, royalties normally received by the franchisor and expenditures necessary to establish a new franchisee will constitute substantial elements in the damage award. *See Boston Professional Hockey v. Dallas Cap*, 597 F.2d 71, 75 (5th Cir.1979). Were we to hold that trademark infringement damages could not be recovered if the franchisor received like damages in a separate action for breach of the franchise agreement, we would provide an incentive for some infringers to "hold over." With the knowledge that they could only be answerable for contractual damages, unscrupulous infringers would "hold over" with impunity.

C. Whether Moss should have been spared trademark infringement liability because he withdrew from the partnership before the infringement occurred.

■ Moss contends that he is not liable for trademark infringement damages because he extricated himself from the partnership before the infringement period began. Moss points out that in his answer to Ramada Inns' complaint, he denied that he was a general partner of Gadsden Motel Company, and he further contends that no evidence was adduced at trial or for purposes of summary judgment which indicated that he participated in the trademark infringement. In response, Ramada Inns contends that Moss's liability was determined under the district court's August 13, 1985, order granting partial summary judgment. Because Moss failed to appeal that order, Ramada Inns claims that this court has no jurisdiction to consider Moss's claim. Finally, Ramada Inns asserts that the "agreed summary" in the pretrial order stipulated that Moss was situated similarly to the other partners and that Moss failed to claim a different status at trial.

The district court denied Moss's post-trial motion to extricate himself from trademark infringement liability pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure. The district court's order denying Moss's motion adequately disposes of his arguments on appeal. In disposing of the motion, the district court stated:

Until the final judgment was entered all defendants were represented only by one attorney. On May 30, 1985 *all* defendants admitted owing $17,994.24 to plaintiff. Moss made no attempt whatsoever to distinguish himself from the pack, and on August 13, 1985 the court entered partial summary judgment in favor of plaintiff and against *all* defendants in the sum of $17,994.24 and made the judgment appealable under Rule 54(b) Federal Rule of Civil Procedure. Moss did not take a timely appeal from that judgment and thus identified himself again with the other defendants. From the phrasing in Moss's post judgment motion he seems to claim that he should be relieved from any obligation even under the partial summary judgment of August 13, 1985. Obviously his request comes too late. If he does not now intend to extricate himself entirely, then his earlier failure to distinguish himself constituted a confession of a lack of distinction.

The district court went on to point out that the plural "defendants" appeared throughout the "agreed summary" of the July 3, 1985, pretrial order, and that Moss never attempted to distinguish himself or advance a defense separate from the other partners. We find Moss's contention that the pretrial order was ambiguous unpersuasive. If Moss withdrew from the partnership before the trademark infringement began, as he contends, he must now pay for his "want of caution in the proceedings

vent fraud and deception in such commerce by the use of reproductions, copies, counterfeits, or colorable imitations of registered marks; and to provide rights and remedies stipulated by treaties and conventions respecting trademarks, trade names, and unfair com-

petition entered into between the United States and foreign nations. [Emphasis added.]

An action for trademark infringement is, of course, useless in many instances if damages for the infringement are not recoverable.

below." *Holiday Inns, Inc. v. Alberding,* 683 F.2d 931, 934–35 (5th Cir.1982).

### Conclusion

We have examined the partners' other contentions of error and find them meritless. We also conclude that the district court did not abuse its discretion in trebling the damages, awarding prelitigation interest, and awarding Ramada Inns $20,000 in attorney's fees. For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.