United States Court of Appeals,

Eleventh Circuit.

No. 94-4467.

LIMELIGHT PRODUCTIONS, INC., Plaintiff-Appellee,

v.

LIMELITE STUDIOS, INC., Limelite Equipmental Rental, Inc.,
Defendants-Appellees,

Limelite Entertainment, Inc., et al., Defendants,

Gulf Insurance Company, Select Insurance Company, Garnishees-
Appellant.

Aug. 8, 1995.

Appeal from the United States District Court for the Southern
District of Florida. (No. 89-965-CIV-DLG), Donald L. Graham, Judge.

Before TJOFLAT, Chief Judge, ANDERSON, Circuit Judge, and FAY,
Senior Circuit Judge.

FAY, Senior Circuit Judge:

This appeal arises from writs of garnishment issued against
Gulf Insurance Company ("Gulf") and Select Insurance Company
("Select"). Plaintiff Limelight Productions, Inc. ("Limelight
Productions"), sued for permanent injunctive relief and damages
against Limelite Studios, Inc. ("Limelite Studios"), Limelite
Equipmental Rental, Inc. ("Limelite Rentals"), and Limelite
Entertainment, Inc. ("Limelite Entertainment"), for trademark
infringement in violation of the Lanham Act. The district judge
permanently enjoined the Defendants from using the Limelite name
and a jury awarded damages. To collect the damages, the Plaintiff
sought to garnish the Defendants's policies with Gulf and Select.
The district court entered summary judgment against each garnishee
insurance company.

Appellants Gulf and Select allege the district court erred in determining the verdict award based on Defendants's ill-gotten profits was covered under the policies, and in precluding the insurance companies from raising issues decided at trial. We disagree and AFFIRM the district court judgment.

### I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Limelite Studios and Limelite Rentals were related entities operating from the same offices. Limelite Studios rented film and videotape stages. Limelite Rentals rented film and videotape production equipment. Neither Defendant produced films or videotapes.

Limelite Studios was formed and began using the Limelite name in 1982. In October 1986, "Hi-Lite Motion Picture & Television Rentals" amended its Articles of Incorporation, changed its name to Limelite Equipment Rentals, Inc., and began using the name Limelite. Neither Defendant conducted business immediately upon being formed although they conducted business on a limited basis in one small room in late 1987 or early 1988. They actually began doing business as Limelite in March 1988 after they advertised nationally and held a grand opening. Limelite Rentals later merged into Limelite Studios.

In May 1989 Limelight Productions began this action alleging federal service mark infringement, false designation of origin and description of goods under the Lanham Act, common law unfair competition, trademark dilution under Fla.Stat. § 495.151, and common law trademark infringement. The jury found Defendants liable on each theory and awarded compensatory and punitive damages

against Limelite Rentals and Limelite Studios.

The Plaintiff moved to garnish defendants' insurance policies with Gulf and Select to recover the nonpunitive damages. Gulf and Select opposed the garnishment, arguing the policies did not cover the wrongs complained of and did not include Limelite Studios as a named insured. The Plaintiff moved for summary judgment alleging Gulf and Select were responsible to pay the damages awarded against Defendants at trial. Gulf and Select each counter-moved for summary judgment. Limelite Rentals and Limelite Studios supported the Plaintiff's bid for summary judgment, opposed that of the insurance companies, and moved for summary judgment that Gulf and Select must pay the damages. The district judge granted summary judgment for Plaintiff Limelight Productions and Defendants Limelite Studios and Limelite Rentals. He denied the insurance companies's motions for summary judgment. Gulf and Select appealed.

Garnishees Gulf and Select raise the following issues: First, whether the insurance policies cover ill-gotten profits as damages even though strictly speaking they are not losses, and second, whether the district court denied Gulf and Select due process by precluding them from relitigating the issues decided in the infringement case.

After careful review of the record, we find no error.

## II. STANDARD OF REVIEW

We review summary judgment decisions *de novo* and may resolve questions not addressed by the district court. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 609 (11th Cir.1991).

III. ANALYSIS

A. Damages

We find no merit to the argument that ill-gotten profits are not damages covered by the insurance policies. Congress recognized that in this kind of lawsuit a plaintiff's resulting lost profits often will be difficult or impossible to establish. As an alternative, Congress allows a presumption that any profits the defendant gained because of its violation would have accrued to the plaintiff but for that violation. 15 U.S.C. § 1117(a)(1). Congress authorizes plaintiffs to recover these ill-gotten profits as the presumed equivalent of plaintiff's own lost profits.

Moreover, Courts in this Circuit have interpreted Lanham's damages provision to embody both actual damages under 15 U.S.C. 1117(a)(2) and presumed damages (or ill-gotten profits) under 15 U.S.C. 1117(a)(1). *See, e.g., Ramada Inns, Inc. v. Gadsden Motel Co.,* 804 F.2d 1562 (11th Cir.1986). That is, while Lanham specifies the plaintiff may recover its actual damages in addition to the defendant's ill-gotten profits, this Circuit recognizes ill-gotten profits as merely another form of damages that the statute permits to be presumed because of the proof unavailability in these actions.

When Gulf and Select issued these policies they knew of the Lanham Act, were on notice plaintiffs could recover ill-gotten profits, and must be held to have intended to cover these damages because they did not exclude them. Applying Florida law to construe the policy, we interpret "damages" broadly in favor of the insureds because Gulf and Select wrote the policies, selected that

term, and chose not to define or restrict it. *Ideal Mut. Ins. Co. v. C.D.I. Constr., Inc.,* 640 F.2d 654, 657 (5th Cir. Unit B 1981) (applying Florida law to construe an ambiguous term liberally in favor of the insured);[1] *see also Blue Cross & Blue Shield of Fla., Inc. v. Cassady,* 496 So.2d 875, 877 (Fla. 4th Dist.Ct.App.1986) (collecting cases). We refuse to allow Gulf and Select to deny coverage for the very injury they took payment to insure against. Such amounts clearly are covered by the policies issued.

## B. Issue Preclusion

Gulf and Select argue the district court reversibly erred when it precluded them from relitigating issues decided in the trial against Limelite Studios and Limelite Rentals. We disagree. First, we note Gulf and Select have failed to edify this Court as to which facts they wish to relitigate. This failure makes it impossible to discern whether the error, if any, was harmless. Second, Gulf and Select cannot move for summary judgment arguing no genuine issues of material fact exist while simultaneously arguing they will be denied due process if they are not permitted to relitigate factual issues. We reject the insurance companies's argument that this stance accords with *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and agree with the magistrate and district court that it is a feeble attempt to create a fact question where none exists. Finding no merit to the argument, we affirm the district court.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all cases decided by the former Fifth Circuit, including both Units A and B, before October 1, 1981.

## IV. CONCLUSION

We hold that the district court correctly concluded that defendant's ill-gotten profits were damages covered by the policies, and correctly precluded the insurance companies from relitigating issues decided at trial.  We AFFIRM.

AFFIRMED.