[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11374

Non-Argument Calendar

_____

INSTANT ONE MEDIA, INC.,

Plaintiff-Appellee,

versus

EZFAUXDECOR, LLC,

Defendant-Appellant,

Amber Shank,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-00540-WMR

—————————————

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Instant One Media, Inc. and EZ Faux Decor, LLC both sell vinyl adhesive products to resurface countertops and appliances. They settled previous litigation in 2017 with an agreement that Instant One would pay EZ $175,000 and EZ would stop using the term "instant" within two words of the terms "granite" or "stainless." Instant One then registered trademarks for "instant granite" and "instant stainless."

By 2018, EZ was violating that agreement and infringing Instant One's trademarks. Instant One sued alleging a state-law breach-of-contract claim and a federal-law trademark-infringement claim. After receiving notice of the suit, EZ changed its websites without preserving copies. EZ also did not keep or produce change logs for its Amazon or EBay content. As a sanction for the spoliation of its own website, the district court ordered that the jury be instructed with a rebuttable presumption that EZ violated the settlement agreement and infringed the trademark on its website. The sanctions didn't extend, however, to EBay or Amazon sales.

The district court granted partial summary judgment to Instant One as to liability for breach of contract. The liability for

trademark infringement and damages as to both claims went to trial. The trial consisted of only two witnesses. Instant One called its President to testify to the primary issues and its lawyer to testify to his fees. EZ called no witnesses.

A jury found EZ liable on the trademark claim. It awarded Instant One three types of damages: $275,000 actual damages for either the breach of contract or trademark infringement; $500,000 in disgorgement on the trademark claim; and $260,000 in attorneys' fees under a state-law fee-shifting statute.

The district court then denied EZ's renewed motion for judgment as a matter of law and entered judgment for Instant One. EZ appeals that denial with respect to each type of damages.

We review the denial of a renewed motion for judgment as a matter of law de novo. *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1366 (11th Cir. 2021). We can grant the motion only if "there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party." *Id.*

After careful review, we affirm the disgorgement and attorneys'-fees awards. Because Instant One failed to provide sufficient evidence of lost profits under either claim, we vacate the denial of the renewed judgment as a matter of law with respect to actual damages and remand that issue for further consideration.

I

Instant One's President testified to Instant One's actual damages—which she claimed were lost profits of $562,368. The jury

returned an award of $250,000. EZ argues the evidence was insufficient to support even this award for two reasons: specificity and causation. Given an error in the district court's ruling on specificity, we remand for further consideration without addressing causation.

EZ claims that the lost-profits calculation was unsupported and speculative. Instant One initially sought to submit an exhibit containing details for the $562,368 calculation along with 199 pages of receipts for advertising and consulting expenses. After a lengthy discussion outside the presence of the jury, including a voir dire examination of the President about the contents of the calculation, the court sustained EZ's objection that the exhibit was hearsay. The next day, Instant One proceeded with the President's testimony but used a revised exhibit that included only the receipts. And Instant One's President never testified with specificity about how she arrived at the calculation. She stated the number multiple times. She testified that she provided the calculation to the defendants. But her testimony about the calculation process was limited to cross-examination and re-direct. During cross-examination, she discussed at a high-level how she estimated lost profits by considering lost sales and their associated expenses—but never quantified those components. When asked for specifics, she several times responded, "I don't remember." On redirect, Instant One's attorney solicited testimony confirming that the President knew enough about the company to make an educated estimate and that the

already 199-page exhibit would have been much longer if they included more detail.

In summary, Instant One provided (i) business records showing revenue from Amazon sales for three isolated months in 2017 and 2018, (ii) testimony that sales from the two trademarked products were $2.3 million over the 3½ year period, (iii) testimony that promotional expenses were $300,000 over the same period, and (iv) testimony that it calculated $562,368 in estimated losses after subtracting from a forecasted sales number (which it never provided) promotional expenses (of which it did provide evidence) as well as costs of goods sold, utilities, rent, payroll, and taxes (for none of which Instant One provided any evidence). Instant One did not provide a single financial statement or financial forecast.

When ruling on EZ's renewed motion for judgment as a matter of law, the district court implied that Doc. 160-5 was a "document[] that show[s] . . . [the President's] projected profits calculation" and cited Doc. 170 at 119:9–25 as containing the President's testimony about the forecast. Critically, however, that testimony was from the voir dire about the excluded exhibit. The jury had neither a version of Doc. 160-5 containing a projected profits calculation nor the President's detailed testimony about the forecast.

Instant One, therefore, failed to present sufficient evidence to satisfy Georgia's state-law standard. In order to recover lost profits for a breach of contract, Instant One needed to "provide 'information or data sufficient to enable [the trier of fact] to estimate the amount of the loss with reasonable certainty.'" *AcryliCon*

*USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1370 (11th Cir. 2021) (quoting *Bearoff v. Craton*, 830 S.E.2d 362, 373 (Ga. App. 2019)) (alteration in original). Where, as here, a plaintiff fails to show both "a track record of profitability" and "figures showing . . . anticipated revenues and expenses," *id.* at 1371 (quoting *Bearoff*, 830 S.E.2d at 373), the plaintiff cannot recover.

Recovery for the state-law contract claim, therefore, is limited to actual expenses incurred—such as those documented in Doc. 160-5—which a jury could have concluded were caused by the breach.

Instant One also failed to satisfy the Lanham Act's lower standard for establishing lost profits. Actual damages under the Lanham Act "are not rendered uncertain because they cannot be calculated with absolute exactness." *Ramada Inns, Inc. v. Gadsden Motel Co.*, 804 F.2d 1562, 1565 (11th Cir. 1986) (quoting *Borg-Warner Corporation v. York-Shipley, Inc.*, 293 F.2d 88, 95 (7th Cir. 1961)). "It is sufficient if a reasonable basis of computation is afforded." *Id.* (quoting *Borg-Warner*, 293 F.2d at 95). Conclusory testimony about the estimated amount of profits and generic comments on her calculation process do not provide a sufficient "basis of computation" for a jury to determine actual damages under the Lanham Act.

We remand for the district court to consider whether actual damages other than lost profits adequately support the jury's actual damages award and to consider, in the first instance, EZ's causation arguments.

## II

EZ also challenges the disgorgement award.  At trial, Instant One produced evidence estimating gross revenue for EZ on its website, on EBay, and on Amazon.  EZ challenges whether these sales were "attributable to" infringing conduct.  In effect, EZ claims Instant One failed to carry its alleged burden to demonstrate *gross sales from infringing products*.  But EZ misunderstands Instant One's burden.

"In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."  15 U.S.C. § 1117(a).  The plaintiff's burden is merely to establish business-wide gross sales and some instances of infringement.  *Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.,* 833 F.2d 1484, 1488 (11th Cir. 1987).  Consistent with the Eleventh Circuit pattern charges, that is how the district court instructed the jury in this case:

> In determining EzFauxDecor, LLC's profits, Instant One Media, Inc. is only required to prove EzFauxDecor, LLC's gross sales.  EzFauxDecor, LLC may then prove the amount of sales made for reasons other than the infringement.

Doc. 171 at 212; *see also* Eleventh Circuit Pattern Jury Instructions (CIVIL) § 5.13 at 11 (2022) (same).

EZ failed to introduce evidence that any sales were not due to infringement.  In its reply brief, it argues that the product titles

in Instant One's exhibits show that the products weren't infringing. But given that infringement could occur outside a product title and EZ's failure to track changes to product listings on Amazon and EBay, the evidence to which EZ points wouldn't preclude a reasonable jury from disagreeing with EZ. We therefore affirm the district court's denial of the renewed motion for judgment as a matter of law with respect to the disgorgement award.[1]

### III

Georgia law allows juries to award attorneys' fees when the plaintiff requests them and "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." O.C.G.A. § 13-6-11. In reviewing this claim on appeal, we respect Georgia's decision to "place[] the question of attorneys' fees within the province of the jury," and we "should not vacate such an award unless there was absolutely no evidence to support it." *LaRoche Indus., Inc. v. AIG Risk Mgmt., Inc.*, 959 F.2d 189, 193 (11th Cir. 1992); *see Am. Med. Transp. Grp., Inc. v. Glo-An, Inc.*, 509 S.E.2d 738, 741 (Ga. App. 1998).

Here, the jury determined that EZ's use of the trademarks—in breach of the contract—was willful. This determination was based on evidence of bad faith in the underlying transactions—for

---

[1] Instant One's disgorgement award is not affected by the ruling on actual damages. Lanham Act disgorgement is available without showing actual damages. *See Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1352 (11th Cir. 2019).

example, emails stating a desire to hide their use of the terms. We therefore affirm the district court's denial of the motion for judgment as a matter of law with respect to attorneys' fees.[2]

## IV

Because evidence supports the jury's disgorgement and attorneys'-fees awards but the district court erred in ruling on the actual damages award, we affirm in part, vacate in part, and remand for further proceedings.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

[2] We only address EZ's argument that there was insufficient evidence of bad faith. We do not address—and leave for subsequent proceedings—the issue whether our ruling on actual damages affects the attorneys' fees award. *See, e.g.*, *Steele v. Russell*, 424 S.E.2d 272, 273 (Ga. 1993) ("[E]xpenses of litigation recoverable pursuant to OCGA § 13–6–11 are ancillary and may only be recovered where other elements of damage are also recoverable.").